CASE No. 1103.

### GRAY v. WALKER.

1. Where a builder contracts to erect a building, he furnishing all the necessary labor and materials to that end, a laborer employed by him to do a portion of the work has no mechanics' lien on the building erected under such contract.
2. Mere knowledge by the agent of the owner that such laborer was so working does not amount to that consent which, under the act, would entitle a laborer to a lien on the building.

--------

Before WALLACE, J., Spartanburg, March, 1880.

Petition by Albert Gray against E. C. Walker, to enforce mechanics' lien, filed June 25th, 1879.

To the statement of facts in the opinion of this court, the following extracts from the testimony may be properly added:

W. E. Walker testified for plaintiff: Am husband for defendant; Hughes authorized me to look after the building; if I had seen building going on wrong I should have notified Hughes; think I called attention of Gray to plastering off in large room, and asked him to replaster it; I spoke to Gray just as I would to any other employe of Howerton.

Albert Gray recalled: W. E. Walker was about the house a good deal while I was at work on it; looked over the work going on; spoke to me about plastering; knew I was there at work; never heard of any objection to my working there, nor ever received any notice that I could not have lien on work for my pay; Hughes was there once or twice; saw me at work.

This is all the testimony bearing on the question of consent or knowledge. Neither Hughes nor Mrs. Walker were examined.

*Messrs. Duncan & Cleveland,* for appellant, cited *Phil. Mech. L.* §§ 40, 45, 112, 113 and notes; 13 *S. C.* 87.

*Messrs. Wofford & Jennings,* contra, cited 6 *Stat.* 32; *Gen. Stat. Ch.* CXX., §§ 7, 8, 19; *Phil. Mech. L.* § 52; 8 *Allen* 543.

October 17th, 1881. The opinion of the court was delivered by

SIMPSON, C. J. There is but one question in this case, to wit: Whether the respondent is entitled to the mechanics' lien, which he is here attempting to set up and enforce against the defendant, appellant.

The facts of the case are as follows: The appellant owned a lot of land in the town of Spartanburg, upon which her father, as a gift to his daughter, had determined to have erected for her use a small dwelling-house. To this end a contract was made by the defendant and her father, W. H. Hughes, with one Howerton, who was to furnish all the materials and build the house. After this contract was made with Howerton, he (Howerton)

contracted with the respondent for certain plastering and brick work to be done by him. For this work Howerton agreed to pay respondent fifty dollars.

The house was completed in due time, and Howerton was paid off in full, according to the contract. Shortly after this, and within the time specified in the act, the respondent, not having been paid in full for his work by Howerton, filed in the clerk's office for Spartenburg county a statement of the balance which he claimed to be due him, which, after allowing all credits, he alleged amounted to $30.85. The proceeding below was a petition to enforce this claim under the act in reference to liens of this character. *Gen. Stat.* 550.

The case below was referred to a referee, who reported substantially as stated above. He also reported that on several occasions during the progress of the work, Hughes, the father of defendant, saw the respondent at work on the house and made no objection, but there was no evidence before him showing any consent of defendant or that she ever knew or saw him at work.

Upon these facts the referee found as matter of law that the petitioner was not entitled to establish a lien on the building and land of defendant, and he recommended that defendant have judgment for her costs. Exceptions were duly taken. Upon the hearing Judge Wallace passed an order overruling this report, adjudging that the petitioner was entitled to recover from the defendant the sum of $30.70, with his costs; also, that he had a lien on the land and building, which he ordered to be sold by the sheriff, the proceeds first to be applied to the satisfaction of the debt, costs and sheriff's fees, and, if any balance, this to be paid to defendant. The defendant has appealed, claiming that his Honor erred in not sustaining the conclusions of law and fact as reported by the referee.

There seems to be no controversy as to the facts. It is agreed that Howerton was the party with whom alone the defendant contracted, and that this contract was an entire contract, embracing not only the building of the house, but the furnishing of all materials—all to be done for a specified sum. It is also agreed that upon the completion of the house Howerton was fully paid. It is further agreed that respondent was employed by Howerton;

that Howerton paid him in part, leaving $30.70 due; that Hughes saw him at work and made no objection; but there was no evidence that defendant ever saw or knew that he had done any work on the house. The question then before the court is whether the facts of the case bring it under any of the provisions of the act of 1869, (14 *Stat.* 220, *Gen. Stat.* 550,) creating what is generally known as the mechanics' lien.

This act embraces in its terms two classes of persons who may, under certain circumstances, become entitled to the lien therein provided for: First, persons who furnish and perform labor on the building; and, second, those who furnish material actually used in the structure. The first section of the act defines the conditions upon which this lien may attach as to these parties. It provides that for any debt due for labor performed or furnished, or for materials furnished *and actually* used in erecting the building, by virtue of an agreement with or by consent of the owner or of any person having authority from or rightfully acting for such owner *in procuring or furnishing such labor or materials,* there shall be a lien both on the structure and the land upon which it is situated, to the extent of the interest of the owner.

The petitioner here belongs to the first class—those who furnish or perform labor. To entitle him, then, to the lien which he claims, it must appear that he performed the work by virtue of an agreement with or by the consent of the appellant, either personally or through some one having authority from her or rightfully acting for her in furnishing this labor. Has this been shown? There is, certainly, nothing in the facts which show that the respondent did this work by virtue of any express agreement with the defendant; on the contrary, the evidence is that the only express contract which defendant made was with Howerton, and this covered the entire building, including the erection and all materials. Did the defendant consent to plaintiff doing the work? There is no evidence of any express consent, either personally or through any authorized agent. It is true that Hughes, her father, who had agreed to pay for the building, and who, no doubt, gave some attention to its erection, did, on several occasions, while the work was in

progress, see respondent doing the work which he now seeks to shelter under this act.   Does this amount to a consent by "one *having authority* from or rightfully acting for the owner in furnishing this labor," such as is contemplated in the act of 1869 ? We think not.   It may be that Hughes had authority to act for defendant, but this is doubtful, at least as to all matters occurring after the contract with Howerton.   Howerton had contracted to furnish all labor and materials.   These things, then, had passed out of the hands of both the defendant and Hughes, and had been delivered over to Howerton.   After this the defendant had no right to contract for either labor or materials with another, and having no such power herself, she could not delegate it to an agent.   Hughes, therefore, could not have consented as one authorized to furnish labor for defendant.

Let it be admitted, however, that Hughes had authority, and could rightfully act for defendant in furnishing labor in such way that his consent would bind the defendant.   Did he consent?

The contract with the respondent was made by Howerton. Neither the defendant nor Hughes seem to have been consulted. There is no evidence that either one of them knew anything of the character of the work to be done by respondent, or the price to be paid, or anything whatever of the terms of his contract. Now, does the bare knowledge of Hughes that respondent was employed on the house amount to a consent by the defendant, in the sense of the act, which will impose a lien upon her property and subject it to the stringent provisions therein declared? Consent, here, we think, implies something more than a mere acquiescence in a state of things already in existence.   It implies an agreement to that which, but for the consent, could not exist, and which the party consenting has the right to forbid.   Here Howerton had contracted to build this house, furnishing all labor and material.   He was under no obligation to consult with or obtain the consent of defendant as to his employes.

In our opinion the facts do not show such consent on the part of defendant as entitles the respondent to the lien which he seeks to establish, either by her own act or by that of one authorized

from, or rightfully acting for, her in procuring the labor in question, and, therefore, the lien has not been established. See the case of *Murray* v. *Earle*, 13 *S. C.* 87. True, that case did not turn upon the point involved here, but the question was discussed by Mr. Justice McIver, who delivered the opinion of the court, and the views presented by him there are pertinent here.

It is the judgment of this court that the judgment of the Circuit Court be reversed and the case be remanded.

McIVER and McGowan, A. J.'s, concurred.