## WARING v. MILLER BATTING &c. COMPANY.

1. DISTINCT OFFICES—DEMURRER—MECHANIC'S LIEN.—The statute declares that a mechanic's lien shall be dissolved unless the claimant files, within 90 days after work completed, a statement of his claim in the office of the register of mesne conveyances for the county, to be recorded by such officer in a book kept for the purpose. The statute also declares that the clerk of court shall be register of mesne conveyances. A petition to enforce a mechanic's lien alleged that a statement of the claim had been filed with the clerk of court, and had been recorded by him in a book kept for the purpose. The debtor demurred to this petition on the ground that in the absence of an allegation that the statement had been filed with the register of mesne conveyances, the petition failed to state facts sufficient to constitute a cause of action. This demurrer having been sustained by the Circuit Judge, his ruling was affirmed on appeal, a majority of the court, however, being of opinion that there was nothing substantial in the objection, and that the demurrer might have been overruled.

2. AMENDMENTS.—A motion to amend is ofttimes addressed to the discretion of the Circuit Judge, but if refused on erroneous legal grounds, the order of refusal should be reversed on appeal.

3. IBID.—MECHANIC'S LIENS.—A petition to enforce a mechanic's lien which alleged that the statement had been filed with the clerk of court,

having been held bad on demurrer by reason of this allegation, the Circuit Judge refused petitioner's motion to amend by inserting an allegation of a filing with a proper officer, basing his refusal upon the idea that the amendment would revive a lien already lost, and would be a contradiction of its original allegation. *Held,* that this was error, and that the petitioner should have been allowed to amend.

Before ALDRICH, J., Richland, October, 1891.

This was a petition by George W. Waring to enforce a mechanic's lien against the property of the Miller Batting and Manufacturing Company. A demurrer was interposed, and the Circuit Judge filed the following judgment thereon :

The questions before the court are : a demurrer to a petition to enforce a mechanic's lien, and a motion to amend the same. Said lien is claimed under and by virtue of the statute law of this State, and the proceedings taken by petitioner thereunder. The cause was upon Calendar 2, and was duly called, when counsel announced in open court that the cause would, by consent, be referred to the master, if a demurrer interposed by respondent should be overruled. Upon this statement the matters hereinafter stated were heard. The petition was read, and the counsel for respondent moved to dismiss the complaint upon the ground that the petition did not state facts sufficient to constitute a cause of action—a verbal demurrer.

The petition, after stating the contract between the parties, failure of respondent to comply therewith, and the steps taken by petitioner to avail himself of the benefits of the mechanic's lien law, alleges: "And your petitioner further shows, that on the first day of July, A. D. 1891, in accordance with the statute of the said State in such case made and provided, and within ninety days after your petitioner ceased to labor and furnish labor and materials in the construction and erection of the said buildings as aforesaid, your petitioner duly made and filed in the office of the clerk of the Court of Common Pleas for Richland County aforesaid a certificate and statement of the just and true account due him by reason of the premises aforesaid, with all just credits given, together with a description of the property intended to be covered by the lien of your petitioner, * * * which certificate

was duly subscribed and sworn to by your petitioner, and on the said first day of July, A. D. 1891, was duly recorded in a book kept for that purpose by the said clerk."

The verbal demurrer of respondent raises the question as to the sufficiency of the allegations, that the "certificate and statement" were "filed in the office of the clerk of the Court of Common Pleas for Richland County," and were "duly recorded in a book kept for the purpose by the said clerk." The above cited allegations were drawn in accordance with section 2354 of the General Statutes of South Carolina prior to its amendment on December 23rd, 1884. See 18 Stat., 823. The act of 1884, in express terms, amended section 2354, *supra,* by striking out the words, "clerk of the Court of Common Pleas," in the third and fourth lines of said section, and inserting in place thereof the words, "register of mesne conveyances," and by striking out the word "clerk," on the tenth line of said section, and inserting in the place thereof the word "register." Section 2354, *supra,* as amended by the act of 1884, was in force long before the contract between the parties herein was made. Section 2 of the act of 1884 reads: "All acts and parts of acts inconsistent with this act are hereby repealed." Petitioner has seen fit to claim the benefit and protection of the law giving a lien to mechanics upon buildings and lands for work performed and materials furnished. In order to avail himself of this law, he must comply with its provisions—do and perform whatever the law directs.

Is the office of "clerk of the Court of Common Pleas" in Richland County the same as that of "register of mesne conveyances" of said county? I hold that these two offices are not the same. The history of these two offices shows, beyond doubt, that they are separate and distinct. The law of this State prescribes the duties of the clerk of the court and the duties of the register of mesne conveyances. It was argued that, inasmuch as the clerk of the Court of Common Pleas for Richland County is, by virtue of his office, also the register of mesne conveyances for said county, that a filing of the "statement" herein with said clerk was a filing in the office of the register. The answer to this is: that is not the law. A Circuit Judge is the judge of the Court of General Sessions and of the Court of Common Pleas, yet the courts are

separate and distinct; but no more so than the offices of the clerk
of the court and register of mesne conveyances.   My conclusion
of law is, that the filing of said statement with the clerk of the
Court of Common Pleas of Richland County by the petitioner,
and that the same was recorded by said clerk, are insufficient alle-
gations, and the demurrer is sustained.

Petitioner, after the court had announced its decision, moved
to be allowed to amend his petition. alleging that the statement
was filed in the office of the register of mesne conveyances of Rich-
land County, and was recorded by said register.   Motions to
amend are, to a great extent, addressed to the discretion of the
court.   Should the petitioner be allowed to amend in this instance?
This is not an action upon his contract with respondent;  it is to
enforce a lien.   It is well to keep in mind the fact that the lien,
the matter chiefly in controversy here, may be lost, while peti-
tioner's right of action remains.   The petition herein, duly veri-
fied by the oath of the petitioner, alleges as a fact, that the certifi-
cate and statement were filed in the office of the clerk of the Court
of Common Pleas of Richland County on July 1st, 1891, and was
recorded by him on the same day.

Section 2354, Gen. Stat., as amended by the act of 1884, *supra*,
which act is entitled "An act to amend section 2354 of the Gen-
eral Statutes of South Carolina relative to the filing and record-
ing of mechanics' liens," provides that "such liens shall be dis-
solved. unless the person desiring to avail himself thereof within
ninety days,  * * *  filed in the office of the register of mesne con-
veyances  * * *  a statement," &c.   The terms of the act are man-
datory, not permissive, and if the mandate of the law is that "such
liens shall be dissolved," &c., and the person desiring to avail
himself of the lien, on his oath alleges that he has failed to do the
very thing which the caption or title, as well as the body, of the
act of 1884 says he must do, and it is apparent upon the face of
the petition that the time in which petitioner is allowed to act
has passed, what purpose could be served by allowing the amend-
ment?   Can a Circuit Judge give force and effect to a lien which,
by the mandate of the law, is actually dissolved?   Would it be
right and proper, even if a judge had the power, to violate the
spirit of the act, even were its terms less direct and explicit, by

allowing an amendment which would practically revive a "dissolved" lien? I certainly shall not do so.

It is argued that there is a distinction between allegation and proof, and that granting the amendment, if the proof sustained it, would be in furtherance of justice. I cannot see the force of this position. It was incumbent upon petitioner to allege every material fact upon which his cause depended. Some of the facts are jurisdictional, or in the nature thereof, and the filing, &c., was a necessary allegation. To allow the amendment would be equivalent to allowing petitioner to contradict his petition, to state a cause of action where none is now stated, and to prevent the dissolving of his alleged lien after the expiration of the ninety days from the time petitioner ceased to labor, &c. In *Trumbo* v. *Finley*, 18 S. C., 305, the court refused plaintiff's motion to amend his complaint, and the reasoning of the court applies here. In *Lilly* v. *Railroad Co.*, 32 S. C., 145, an amendment was refused, and one of the reasons given for such refusal was "that the two years allowed within which to bring such action had elapsed." This last reason is still stronger in this cause; the ninety days have elapsed, and the lien was dissolved long before the motion to amend was made. The amendment cannot be allowed.

Wherefore it is ordered, adjudged, and decreed, that the demurrer is sustained, the motion to amend is refused, and the petition herein be, and is hereby, dismissed.

Petitioner appealed on the following grounds: I. Because his honor, the presiding judge, erred in holding that the petition herein did not state facts sufficient to constitute a cause of action against the respondent above named. II. Because his honor erred in holding that the offices of "clerk of the Court of Common Pleas" and "register of mesne conveyances" are separate and distinct offices in Richland County. III. Because his honor erred in holding that the allegations that petitioner duly made and filed in the office of the clerk of the Court of Common Pleas a certificate and statement, which was recorded in a book kept for the purpose by the said clerk, were insufficient, whereas he should have held that the filing of said statement with said clerk, and the recording of the same by him, was a filing with and re-

cording by the register.   IV. Because, after sustaining this de-
murrer, his honor erred in refusing to allow the petitioner to
amend his petition by adding thereto that by section 765. Gen.
Stat., the clerk of the court for Richland County is "register of
mesne conveyances" therefor.   V. Because his honor erred in
holding that he had not the power to grant the amendment asked
for, because it would "violate the spirit of the act and practically
revive a dissolved lien."

*Messrs. Melton & Melton* and *Jos. W. Muller*, for appellant.

*Mr. Jno. P. Thomas, jr.*, contra.

April 25, 1892.   The opinion of the court was delivered by
MR. CHIEF JUSTICE McIVER.   The questions presented by
this appeal arise under a demurrer to the petition filed by the
appellant to enforce a mechanic's lien, upon the ground that the
facts stated in the petition are insufficient to entitle appellant to
the remedy sought.   The only deficiency relied upon is that there
is no allegation in the petition that the "statement" required by
the statute was filed in "the office of the register of mesne con-
veyances," and that the same was "recorded in a book kept for
the purpose by the register"; the allegation being that such state-
ment was filed in "the office of the clerk of the Court of Common
Pleas for Richland County aforesaid," and that the same was
"recorded in a book kept for the purpose by the said clerk."   The
demurrer was sustained, and when the Circuit Judge announced
his conclusion to that effect, the petitioner moved to amend his
petition by "alleging that the statement was filed in the office of
the register of mesne conveyances of Richland County, and was
recorded by said register," which motion was refused.   The pe-
titioner appealed upon the several grounds set out in the record,
raising, substantially, but two questions: 1st. Whether there was
error in sustaining the demurrer.   2nd. Whether there was error
in refusing the motion to amend.
   It seems that the lien sought to be enforced arose under a con-
tract in writing, entered into between appellant and respondent
on the 15th of December, 1890, for the erection of certain

buildings by the former for the latter; that the work was finally completed on the 25th of April, 1891, and the "statement" required by the statute was filed in the clerk's office on the 1st of July, 1891, within the ninety days prescribed by the statute. So that the only inquiry, so far as the first point raised by the appeal is concerned, is whether the filing of the required "statement" in the office of the clerk of the Court of Common Pleas, and recorded by the clerk, is a sufficient compliance with the statute, which, as it now reads and as it read at the time this lien arose, required such "statement" to be filed in "the office of the register of mesne conveyances," and "recorded in a book kept for the purpose by the register."

Section 2354 of the General Statutes, as it originally read, required the "statement" to be filed in the office of the "clerk of the Court of Common Pleas," and recorded in a book kept for the purpose by the "clerk," but by the act of 1884 (18 Stat., 822), that section was amended by striking out the words, "clerk of the Court of Common Pleas," in the 3rd and 4th lines of the section, and inserting in lieu thereof the words, "register of mesne conveyances," and by striking out the word "clerk," in the 10th line, and inserting in lieu thereof the word "register." This would seem to show conclusively that the legislature not only recognized a distinction between the two offices of clerk and register, but also expressly declared that the original provision, requiring the "statement" to be filed in the clerk's office and recorded by him, should be repealed (for the second section of the act of 1884 contains a general repealing clause of "All acts and parts of acts inconsistent with this act"). and that thereafter the lien should be dissolved unless the prescribed statement shall be filed, within the time designated, in the office of the register and be recorded in a book kept for the purpose by the register. Why the legislature saw fit to make this change in the law, it is not for the court to inquire. It is sufficient to say, *Ita lex scripta est.*

It is contended, however, by the counsel for appellant, that in all of the counties of this State. except Charleston, Berkeley, and Greenville, the offices of clerk and register are one and the same. It is true that section 765 of the General Statutes does provide that "The clerk of the Court of Common Pleas and General Ses-

sions of each county in the State shall be register of mesne conveyances for the same, except for the Counties of Charleston, Berkeley, and Greenville"; but this simply amounts to a declaration that the duties of both offices shall be performed by the same person—that when one is elected clerk and qualifies as such, he thereby becomes also register, without further election or appointment. It is, therefore, rather a recognition of the fact that the two offices are distinct, but are to be held by the same person. There is nothing in the language of the section which even implies an intention to abolish the office of register or to consolidate it with that of clerk, but rather the contrary. If the intention had been to abolish the office of register in all of the counties of the State except the three named, and impose the duties and vest the rights incident to the office of register upon and in the clerk, it would have been very easy to say so; just as the legislature did say when the office of tax collector for the election district of Winyah was abolished, and the duties and rights incident thereto were imposed upon and vested in the sheriff of Georgetown District by the act of 1854—12 Stat., 360. But the legislature not having said so, it is not for the court to say so for them. From the review of the legislation of this State with respect to the office of register of mesne conveyances, to be found in *State ex rel. Woodsides* v. *McDaniel*, 19 S. C., 118, it is clear that this office has existed from a very early period of our legislative history as a distinct and separate office; for a time a constitutional office, but since the adoption of the Constitution of 1790, a mere legislative office. For that decision manifestly rests upon the theory that the two offices of register and clerk are distinct and separate, though the duties incident to each may be performed by the same person.

Section 767, General Statutes, is also relied upon by appellant to show that the two offices are no longer distinct and separate, except in the three counties specially named. That section reads as follows: "The deputy clerk may act as deputy register of mesne conveyances; and in those cases where the offices shall be distinct, the register of mesne conveyances may appoint a deputy, in the same manner that clerks of courts are authorized to do." Now, if the legislature regarded the two offices as identical, it

would have been wholly unnecessary to provide that the deputy
clerk might act as deputy register, for if the two offices were con-
solidated, then necessarily the deputy clerk would also be deputy
register, and could act as such without any special provision to
that effect. The very fact that the legislature thought it neces-
sary to insert this provision shows that the legislature regarded
these two offices as distinct from each other, and, therefore, the
appointment of one as deputy clerk could not, without a special
provision to that effect, authorize him to act as deputy register.
In other words, the appointment as deputy in one office did not
confer authority upon the appointee to act as deputy in another
office, even though the two offices should be held by one and the
same person. The words in that section principally relied on by
appellant—"and in those cases where the offices shall be dis-
tinct"—standing alone would, it is conceded, tend strongly to
support the view contended for by appellant, but viewed, as they
must be, in connection with the other provisions of the law upon
the subject, they must be construed to mean, in those cases where
the two offices are held by different persons. For the manifest
object of the section was to provide for the performance of the
duties of register by deputy, and as provision had already been
made in sections 723, 725, and 726 for the appointment of a
deputy clerk, the simplest mode of effecting the object was the
provision found in section 767, without repeating the provisions
contained in sections 723, 725, and 726; but as there were three
counties in the State in which the same person was not entitled
to hold both offices, it was necessary, to avoid having one officer's
deputy appointed by another officer, to make the provision in
which the language relied upon is found, which obviously means
that in the Counties of Charleston, Berkeley, and Greenville the
registers may appoint their own deputies.

Section 745 is also relied on, which provides: "It shall be the
duty of the clerk, or of the register of mesne conveyances, as the
case may be, in whose office any judgment or mortgage may be
of record," to enter satisfaction thereon when required. How
this section can be regarded as lending any force to the view that
the legislature regarded the two offices as the same, it is difficult
to conceive. The manifest object of the section was to require

the officer, be he clerk or register, in whose office a lien was on record, to permit satisfaction to be entered thereon by the lienee, or to enter it himself, if required by proper authority. If the lien was in the form of a judgment, then the satisfaction was to be entered by the clerk, but if in the form of a mortgage, by the register; and the fact that these two offices are both mentioned in the same section, in one of which *judgments* are of record and in the other *mortgages*, would seem to imply that the legislature recognized the two as distinct rather than the contrary. The same remarks will apply to section 769, which require that different sets of books and separate indexes shall be provided by the clerks and registers of mesne conveyances. Section 754, which provides that it shall be the duty of the clerk to furnish, free of charge, to the county commissioners a certificate of all liens "that may be of record in his office, · * * * whether by judgment, mortgage, or otherwise," likewise relied on, proves too much, for the provision is general, and the register is not mentioned in that section, and yet it is conceded that in three of the counties of the State the clerk is not register, and is not the custodian of the records of mortgages. Furthermore, if that section could be regarded as recognizing the identity of the two offices, it would be neutralized by the provisions of section 770, which requires the register, without mentioning the clerk, to give certain certificates as to papers recorded, or which should be recorded, in his office.

But even if there were anything in the several sections of the General Statutes thus briefly reviewed tending to show that the two offices of clerk and register had become blended into one, except in the three counties specifically named, it is difficult to conceive how the court could disregard the plainly expressed intention of the legislature, as declared by the act of 1884, above cited, not only amending section 2354, but repealing so much of it as is inconsistent with that act. The object of that act undoubtedly was to alter the pre-existing law, which required the paper here in question to be filed in the clerk's office, by substituting another office—the register's. This the law-making power has explicitly declared, and neither courts nor individual citizens have any right to disregard this explicit declaration of the legislative will. In answer to the view presented by appellant's counsel,

that the object of the act of 1884 was simply to reconcile the inconsistent provisions of sections 1776 and 2354, in reference to the filing and recording papers of this kind in those counties where the offices of clerk and register are conceded to be separate and distinct, it will be sufficient to say that the legislature have certainly not expressly said anything of the kind, and such an intention cannot be properly inferred from anything which they have said. The act of 1884 does not make the remotest allusion to section 1776 of the General Statutes, but it does refer in express terms to section 2354, and declares explicitly that the previous provision of the law declaring that the filing and recording of a paper like this, here in question, in the office of the clerk, shall be sufficient to prevent the dissolution of the lien should no longer exist, and thereafter the lien shall be dissolved unless such paper shall be filed and recorded in another office—the register's. There was no error, therefore, on the part of the Circuit Judge in sustaining the demurrer.

The next inquiry is, whether the judge erred in refusing the motion for leave to amend. While motions of this character are oftentimes addressed to the discretion of the court, yet when they are refused upon erroneous legal grounds, this court unquestionably has the power, and it is its duty to inquire into and reverse an order refusing a motion to amend on erroneous legal grounds. *Sibley & Co.* v. *Young & Napier*, 26 S. C., 415.

It does not appear that the Circuit Judge based his refusal of the motion upon any ground appealing to his discretion, but upon the ground that the effect of the amendment asked for would be to revive a lien which was then lost, and to allow the amendment "would be equivalent to allowing the petitioner to contradict his petition, to state a cause of action where none is now stated, and to prevent the dissolving of his alleged lien after the expiration of the ninety days," &c. The judge seems to have supposed that the allegation, that the "statement" was filed and recorded in the clerk's office, necessarily implied that it was not filed and recorded in the register's office. There was, however, no such necessary implication. It was quite possible that the "statement" may have been filed and recorded in

both offices, and the mere statement that it was filed and recorded in one office did not necessarily involve the idea that it was not recorded in the other. The effect of the amendment would not, therefore, necessarily be to revive a lien after it had been dissolved. Nor was the fact, that to allow the amendment would be equivalent to permitting the petitioner to contradict his petition, sufficient to require a refusal of the amendment. *Hall* v. *Woodward*, 30 S. C., 564. A party may in his pleading, through ignorance or inadvertence, misstate or state insufficiently a fact material to his case, and one of the main objects of the provision in respect to amendments is to enable him to rectify such errors or omissions. The amendment asked for would not effect any change whatever in the nature of the petitioner's claim, but was intended simply to supplement a defective statement of the facts upon which the remedy he sought to enforce his claim was based, and it should have been allowed. *McGhee* v. *Piedmont Manufacturing Company*, 7 S. C., 263; *McKnight* v. *Cooper*, 27 S. C., 92.

The judgment of this court is, that the judgment of the Circuit Court, in so far as it sustained the demurrer, be affirmed, but in so far as it refused the motion to amend, it be reversed, and the case remanded to the Circuit Court for such further proceedings as may be necessary to carry out the views herein announced.

MR. JUSTICE McGOWAN. Section 765 of the General Statutes declares that the clerk of the Court of Common Pleas and General Sessions of each county in the State shall be register of mesne conveyances of the same, except for the Counties of Charleston, Berkeley, and Greenville." The clerk of the court for Richland County is the same man as the register of mesne conveyances; his office is the same, and the books kept for the purpose of registry are in the same. The only objection was that the person, who was both clerk and register, was styled clerk of the court and not register of mesne conveyances. It seems to me that there is nothing substantial in the objection, and that the demurrer might have been overruled. But being sustained, the petitioner should have been allowed to amend. I therefore concur.

MR. JUSTICE POPE.   Upon the same reservations indicated by .
Mr. Justice McGowan herein, I concur in the opinion of the
Chief Justice.