## PETERMAN v. POPE.

1. APPEAL.—This Court will not reverse an order because it does not fully approve the reasons given by the Circuit Court for the exercise of its admitted power and discretion.

2. COSTS—SECOND ACTION.—Payment of costs of first action for possession of land is a condition precedent to bringing a second action and should be alleged in the complaint, but if not, it is proper to permit defendant to amend his answer on motion noticed during second term after second action commenced by alleging the fact of non-payment, and the motion does not come too late.

*Miller* v. *Grice*, 2 Rich., 37; *Daniels* v. *Moses*, 12 S. C., 137, *distinguished from this.*

Before PRINCE, J., Beaufort, September, 1905. Affirmed.

Action by H. W. Peterman against Daniel, Nel and Elliott Pope. From order permitting defendant to amend his answer, plaintiff appeals.

*Messrs. Cornelius J. Colcock* and *A. McIver Bostick,* for appellants. *Mr. Bostick* cites: 12 S. C., 137; Code of Proc., 170; 1 Ency. P. & P., 837-8-9, 843, 851; 3 McC., 425; 42 S. C., 488; 47 S. C., 117; 57 S. C., 192.

*Mr. Theo. Talbird,* contra, cites: Code of Proc., 98, 194; 9 S. C., 334; 41 S. C., 548; 50 S. C., 120; 47 S. C., 117; 4 Ency. P. & P., 660, 655.

April 25, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. In July, 1902, plaintiff brought an action against defendants for the recovery of the possession of a tract of land and damages. Plaintiff took a nonsuit at January term, 1904, and, without paying the costs of the former action, brought the present action to recover said land and damages in November, 1904. The defendants answered without setting up the fact that the costs of the

former action had not been paid. The case was continued at the January term, 1905, but at September term, 1905, defendants moved on notice given during the term, for leave to amend answer so as to plead the non-payment of the costs of the former action. Judge Prince, on September 12, 1905, made an order granting leave to so amend and at the request of plaintiff's counsel, on September 16, 1905, amended said order so as to state his reasons for granting the amendment, which were that the payment of the costs of the first action is a condition precedent to the maintenance of the second action, and that until such costs are paid the Court is without jurisdiction to entertain the second action, that it could do no harm to plaintiff to permit such amendment, that defendants could avail themselves of this proof without pleading non-payment of costs. The order allowing leave to amend is now sought to be reversed because the reasons upon which it is based are unsound.

It is not necessary to cite authority to the point that under sec. 194 of the Code of Civil Procedure it was within the power and discretion of the Circuit Court to grant the order in question. This Court has frequently sustained orders, although not approving the reasons upon which they were founded, under the view that if the results are correct it is immaterial if the reasons given to sustain them are incorrect. It is conceded in the present case that if we were now only considering the order giving leave to amend as it was granted on September 12, 1905, we would be compelled to dismiss the appeal under the well settled rule governing appeals from orders permitting amendment of pleadings. Should the order be reversed merely because this Court does not fully approve the reasons given by the Circuit Court for the exercise of its admitted power and discretion? This raises a question wholly unlike that presented in *State* v. *David,* 14 S. C., 428, and cases on that line, for in that case the Circuit Court refused to grant a new trial on after-discovered evidence on the ground that it had no power or discretion, which of course was error of law if

the Court had such power. Here we are considering an act done which the Court had power and discretion to do, and the order should not be disturbed unless the Court is satisfied that there was abuse of discretion to the injury of the appellant.

The correct view-point in such a case as this is to begin with a consideration of the duty of the plaintiff, rather than the duty of the defendant, in the matter of calling the Court's attention to the payment of the costs of the first action. Section 98 (s. d. 2) of the Code provides: "The plaintiff in all actions for the recovery of real property or the recovery of the possession thereof, is hereby limited to two actions for the same and no more: *Provided,* That the costs of the first action be first paid, and the second action be brought within two years from the rendition of the verdict or judgment in the first action, or from the granting of a nonsuit or discontinuance therein." This provision was not intended only as a benefit to the defendant, but fixes a condition precedent to the privilege accorded to plaintiff. *Water Power Co.* v. *Land Co.,* 42 S. C., 488, 20 S. E., 378. Performance of conditions precedent, being something essential to the right asserted, must be alleged in the complaint. *Griffith* v. *Newell,* 69 S. C., 303, 48 S. E., 259; 4 Ency. Pl. & Pr., 628; 9 Cyc., 719; sec. 183, Code of Procedure. This is true, whether the condition precedent be imposed by contract or by statute. It was, therefore, the duty of plaintiff to allege in his complaint the performance of the requirement as to the payment of the costs of the first action, in order to show his right to maintain the second action.

If this be a defect appearing on the face of the complaint, the objection is not waived by answer without stating the objection, but may be urged on the trial, if the defendant give five days' notice in writing to the opposite party of the grounds of such objection. Sec. 169, Code of Procedure, as amended by act of 1903, 24 Stat., 130. If a demurrer for insufficiency can be heard after such notice stating the

objection, it would seem to be just that an answer might after due notice be amended at any time before trial, so as to set up such insufficiency not appearing on the face of the complaint. This consideration disposes of the suggestion that defendants' motion to amend came too late, especially when we consider the liberal spirit of the Code touching amendments to pleadings, and the very broad provisions made therefor in section 194. The impression that such a motion comes too late unless made at the first opportunity, is doubtless founded on expressions in *Miller* v. *Grice,* 2 Rich., 37, and *Daniels* v. *Moses,* 12 S. C., 137; but it must be remembered that such expressions were made before the adoption of the statute of 1879, prescribing the conditions upon which alone the second action could be brought, and related to. the practice then prevailing to move to stay proceedings until the payment of the costs of the first action, as to which it was doubtless perfectly proper to insist upon prompt action on the part of defendant so as to prevent surprise or unnecessary expense of preparation for trial on the part of plaintiff. But such remarks have no application to the case in hand. The plaintiff was aware that the Statute of 1879 imposed conditions on his right of action, and it was his duty to state to the Court that conditions precedent had been complied with or give a legal excuse for non-compliance, and it cannot be said that he suffered surprise or sustained unnecessary expense by reason of any negligence or default on the part of defendant, when defendant before trial seeks to advise plaintiff and the Court of the non-performance of such conditions precedent. In *Water Power Co.* v. *Land Co., supra,* at page 497, the Court, after referring to the cases of *Miller* v. *Grice,* and *Daniels* v. *Moses, supra,* and the change brought about by the act of 1879, said: "It will thus be seen that while under the previous law the requirement of the payment of costs before the second action could be proceeded with was a matter resting in the discretion of the Court, it is now made *by statute* a condition precedent to the right to

bring the second action, and the Court has no right to dispense with or modify such statutory requirement."

The defendants having done nothing to waive this right to insist upon performance of such condition, and having moved to amend in due time, under section 194 of the Code, it cannot be said the motion was too late. It is true, that the question is not a jurisdictional one any more than any question relating to the sufficiency of pleading is jurisdictional. It may also be conceded that when the complaint does not allege the performance of conditions precedent to right of action, and the objection does not appear on the face of the complaint, it is proper for defendant to allege such objection by way of answer so as to bring the question before the Court by the pleadings. This is precisely what defendants are seeking to do before trial, what the Court has allowed them to do by its order, and there being no abuse of discretion on the part of the Court, the order should stand. To do otherwise would annul the statute of 1879, sec. 98, Code of Procedure, as applied to this case, and that in the face of defendants' efforts to invoke its protection.

The judgment of the Circuit Court is affirmed.