## 7628

### METZ v. CRITCHER.

1. MECHANIC'S LIEN—WORDS AND PHRASES.—In order to give a material man a lien on a house and lot under section 3008, of the Code of 1902, for lumber furnished to and used by a contractor in the house, he must show the owner has agreed or consented that he should furnish such material and that it was furnished under such agreement or consent. The term "consent" used in this section defined.

2. IBID.—Under section 3011, of the Code of 1902, it is not necessary for the owner to give notice that he will not be responsible for material furnished and used in his house in order to prevent the lien attaching unless he has agreed or consented thereto as provided in section 3008.

Before W. B. GRUBER, Special Judge, Barnwell, October, 1909. Affirmed.

Proceeding to foreclose mechanic's lien by A. B. Metz against W. E. Critcher and W. B. Oswald. From judgment for defendants, plaintiff appeals.

*Mr. Jas. M. Patterson,* for appellant, cites: *Disagreement as to contract carries issue to jury:* 31 Cyc., 1672; 2 Mill., 251; 27 Cyc., 407; 29 Ore., 153. *Directing verdict:* 84 S. C., 299.

*Messrs. Bates & Simms,* contra, cite: *Personal judgment not recoverable here:* 67 S. C., 11. *Evidence does not bring case within section 3008:* 16 S. C., 147; 19 S. C., 1.

July 18, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The appeal in this proceeding to foreclose a mechanic's lien depends on whether the Circuit Court erred in directing a verdict for the defendant, Oswald, on the ground that there was no evidence tending to establish his liability. The plaintiff testified that he sold lumber to the defendant, W. E. Critcher, and that there was a balance of $324.65 unpaid; that he had been paid for all lumber sold to Critcher, except that used by Critcher in building a house on land of the defendant, Oswald. The plaintiff admitted that he sent the lumber on Critcher's order and charged it to Critcher on his books; that he made no contract with Oswald, and gave him no previous notice that he was about to furnish lumber to be used in building a house for him. The only evidence tending to show that Oswald even knew of the source from which Critcher was obtaining the lumber was the statement of one of plaintiff's wagoners; that Oswald said to him, as he drove by his store, "to tell Mr. Metz to send him good lumber, that he did not want any with knots in it."

For the plaintiff to establish a lien on the building of Oswald, the owner, it was necessary for him to show that

he had met the requirements of section 3008, of the Civil Code, by evidence that Oswald had agreed or consented that he should furnish the lumber, and that it was furnished under such agreement or consent. That section provides: "Any person to whom a debt is due for labor performed or furnished, or for materials furnished and actually used in the erection, alteration or repair of any building or structure upon any real estate, by virtue of an agreement with, or by consent of, the owner of such building or structure, or any person having authority from, or rightfully acting for, such owner, in procuring or furnishing such labor or materials, shall have a lien upon such building or structure, and upon the interest of the owner thereof in the lot of land upon which the same is situated, to secure the payment of the debt so due to him, and the costs which may arise in enforcing such lien under this chapter, except as is provided in the following sections."

The meaning of the word "consent" as here used has been stated in two cases. Chief Justice McIver, in delivering the opinion of the Court in *Geddes* v. *Bowden*, 19 S. C., 1, says: "The word 'consent' ordinarily implies choice, and one can scarcely be regarded as giving his consent to that which he has no right to object to. In the experience of life a man is oftentimes compelled to accept results, in the sense that he makes no opposition or objection thereto, for the reason that he has no right or power so to do, but he cannot, in any proper sense of the term, be regarded as consenting to them unless he has the right and power to exercise a choice, to consent or object thereto. As is well said by Mr. Chief Justice Simpson, in *Gray* v. *Walker*, 16 S. C., 147, in construing this statute: 'Consent here, we think, implies something more than a mere acquiescence in a state of things already in existence. It implies an agreement to that which, but for the consent, could not exist, and which the party consenting has a right to forbid.' "

This section, as thus construed, is not in the least inconsistent with section 3011, which is as follows: "The owner of any such building or structure in process of erection, or being altered or repaired, other than the party by whom or in whose behalf a contract for labor or materials has been made, may prevent the attachment of any lien for labor thereon not at the time performed, or materials not then furnished, by giving notice in writing to the person performing or furnishing such labor, or furnishing materials, that he will not be responsible therefor."

It is not necessary for the owner of the property to give notice under section 3011 that he will not be responsible for the labor or material unless the labor or material was to be furnished by virtue of his agreement or consent as provided by section 3008. The meaning of the two sections construed together is that under section 3008 a lien may be put upon property for material or labor expended thereon when the owner agrees or consents that it shall be so expended; but under section 3011, if the owner is not himself the party by whom or in whose behalf the contract for labor or material has been made, but has made himself responsible by the agreement or consent mentioned in section 3008, he may give notice that he will not be responsible for labor or material furnished after the date of such notice, and thus prevent his liability extending to labor or material furnished after that time. Section 3011 applies only when the owner, having become liable under section 3008, wishes to terminate his liability.

Oswald never became liable under section 3008, for there is no evidence that he had any opportunity or any right either to object or to consent to the contract between Metz and Critcher. The message sent by the wagoner asking Metz to furnish good lumber does not indicate that Oswald did anything more than recognize a contract already made between other persons, which he could not prevent. It was

a mere request which he had no power to enforce, and the
utmost inference that could be drawn from it was that
Oswald acquiesced in a state of things already in existence.
A verdict in his favor was therefore inevitable under the
law, as laid down in the cases above cited.

The judgment of this Court is that the judgment of the
Circuit Court be affirmed.

MR. JUSTICE GARY *concurs in the result.*

MR. JUSTICE HYDRICK. *I concur in the result. See
opinion on former appeal in this case, 83 S. C., 406.*