12250 ·

NATIONAL LOAN & EXCHANGE BANK OF COLUMBIA v. ARGO DEVELOPMENT CO. *ET AL.*

(139 S. E., 183)

1. PLEADING—DEFECT OF PETITION TO FORECLOSE MECHANIC'S LIEN THAT IT FAILS TO STATE FACTS NECESSARY TO THE LIEN, IF APPEARING ON ITS FACE, MAY BE RAISED BY MOTION AFTER ANSWER (CODE CIV. PROC. 1922, §§ 400, 405; CIRCUIT COURT RULE 18).—Under Code Civ. Proc. 1922, §§ 400, 405, and Circuit Court Rule 18, defendant in action to foreclose mechanic's lien, statute for which makes no special provisions for defendant's pleadings, may after answer by motion on due notice to dismiss petition raise the question that petition fails to state facts necessary to show the lien, the defect appearing on the face of petition.

2. MECHANICS' LIENS—PETITION FOR MECHANIC'S LIEN FORECLOSURE IS TO BE LIBERALLY CONSTRUED RELATIVE TO IT MAKING ALL NECESSARY ALLEGATION (CIV. CODE 1922, § 5653; CODE CIV. PROC. 1922, § 420).— Code Civ. Proc. 1922, § 420, providing for liberal construction of al-

---

NOTE: As to right to file single mechanic's lien under entire contract, against two or more separate buildings on different lots in same ownership, see annotation in 10 A. L. R., 1026; 18 R. C. L., 950.

legations of pleading for purpose of determining its effect, applies in determining whether petition for foreclosure of mechanic's lien conforms to requirements of Civ. Code 1922, § 5653.

3. MECHANICS' LIEN—USE OF MATERIAL IN STRUCTURE ON PROPERTY AGAINST WHICH LIEN IS CLAIMED MUST APPEAR IN FORECLOSURE PETITION (CIV. CODE, 1922, §§ 5639, 5653).—The actual use of the material in a structure on the identical property against which lien is claimed, necessary under Civ. Code, 1922, § 5639, for a mechanic's lien, is one of material facts which under Section 5653 must appear in the foreclosure petition, the mere showing of furnishing of material for erection of house thereon not being enough.

4. APPEAL AND ERROR—IN VIEW OF DISCUSSION BELOW ON MOTION TO DISMISS PETITION FOR INSUFFICIENT ALLEGATIONS, HELD IT WAS PROPER TO ASSUME THAT STATEMENT OF CLAIM OF MECHANIC'S LIEN WAS DEEMED PART OF PETITION AS EXHIBIT.—The statement of claim of mechanic's lien, which petition to foreclose describes, and the petition having been discussed and considered together in the argument below on the motion to dismiss the petition for insufficient allegations, it is proper to assume that the statement was deemed a part of the petition as an exhibit.

5. PLEADING—EXHIBIT TO COMPLAINT MAY NOT SUPPLY A MATERIAL ALLEGATION OF COMPLAINT, BUT MAY MAKE AN ALLEGATION THEREOF DEFINITE AND CERTAIN.—While an exhibit to complaint may not be used to supply a material allegation or cure a fatal defect in the complaint, it may be resorted to to make an allegation of the complaint definite and certain.

6. MECHANICS' LIENS—STATEMENT OF CLAIM OF LIEN NEED CONTAIN NO ALLEGATION AS TO CONTRACT (CIV. CODE, 1922, § 5647).—In view of the requirements of a statement of claim of mechanic's lien enumerated by Civ. Code, 1922, § 5647, it need contain no allegation as to a contract.

7. MECHANICS' LIENS—EXPRESS CONTRACT IS NOT NECESSARY FOR LIEN WHERE MATERIAL IS FURNISHED DIRECT TO LOT OWNER AND AFTERWARDS USED FOR HIS BENEFIT THEREON (CIV. CODE, 1922, § 5639).—Under Civ. Code, 1922, § 5639, giving a mechanic's lien to one "to whom a debt is due * * * for materials furnished and actually used * * * by virtue of an agreement with, or by consent of, the owner," material being furnished directly to the owner of a lot and afterwards used for his benefit in the erection of a building thereon, right to assert the lien cannot be evaded by lack of express terms of agreement; owner's contract to pay the value of the material being implied from his acceptance thereof.

8. MECHANICS' LIENS—THERE MAY BE SINGLE LIEN ON CONTIGUOUS LOTS FOR MATERIAL FOR BUILDINGS THEREON FURNISHED UNDER CONTRACT RELATING TO THEM AS AN ENTIRETY (CIV. CODE, 1922, § 5639).

—Under Civ. Code, 1922, § 5639, giving lien for material furnished for and used in building or structure on any real estate, on such building or structure and the interest of the owner thereof in the lot on which it is situated, there may be a single lien on several lots for material for buildings thereon furnished under contract relating to the buildings as an entirety; at least where the lots are contiguous.

9. Appeal and Error—On Defendant's Appeal from Dismissal of Petition for Insufficiency in Certain Respect, Held, in View of Unquestioned Adverse Ruling on Other Ground of Motion, and State of Record, that it Would be Assumed Court Decided and Defendant Conceded Petition was Otherwise Sufficient.— The Court having dismissed petition to foreclose mechanic's lien on the ground of its not alleging that the material was furnished under a contract, or the terms of such contract, but having passed on and dismissed the further ground of motion to dismiss petition; namely, the failure of the petition to allege on which of the lots the lumber furnished was used, and defendant not having questioned such ruling, and all matters of description that would furnish any identification of the lots or show their relative location having been left out of the record, on plaintiff's appeal from the order of dismissal, it must be assumed for the purpose of the appeal that it was decided by the Court and conceded by defendant that the lien would have covered the entire property described in it, if the statement of agreement on which the claim of lien was founded had been in other respects sufficient.

10. Pleading—Remedy for Repugnancy, Inconsistency, or Indefiniteness of Petition is Not Motion to Dismiss for Insufficiency, but Motion to Make More Certain.—Where objection to petition merely presents a case of repugnancy or inconsistency or want of definiteness and certainty, defendant's remedy is not by motion to dismiss for insufficiency, but by motion to make more definite and certain.

11. Pleading—Defendant by Failure to Move Waiving Objection of Want of Definiteness and Certainty of Petition Plaintiff Has Right to Relief to Which All Allegations Show Him Entitled.—If defendant waives objection of want of definiteness and certainty in petition by failing to move to make more definite and certain, plaintiff has right to the relief to which all the allegations show him entitled.

12. Mechanics' Liens—Amendment of Petition to Foreclose Lien Should be Allowed to Cure Indefiniteness After Time for Filing Lien, Where Statement of Claim of Lien Seasonably Filed Substantially Complied with Statute.—Where statement of claim of mechanic's lien seasonably filed was substantially in compliance

with statutory requirements, an amendment of the petition to fore-close to cure indefiniteness should be allowed, even after time for filing lien.

Before TOWNSEND, J., Richland.    Reversed and re-manded.

Action by the National Loan & Exchange Bank of Columbia, as Receiver for Corley Brothers, against the Argo Development Company and others, to foreclose mechanic's lien.   From an order dismissing the petition, plaintiff appeals.

*Messrs. Lyles & Lyles* and *Cooper & Winter* for appellant.

*Mr. Barnard B. Evans* for respondent.

August 23, 1927.

The opinion of the Court was delivered by MR. ACTING JUSTICE R. E. WHITING.

The order of the Circuit Judge, which is made the subject of this appeal, granted the motion of the defendant, Argo Development Company, to vacate a mechanic's lien filed by plaintiff against defendant's property and to dismiss the petition or complaint brought for the enforcement of such claim.

The matter came up for hearing by the Circuit Judge upon a notice, duly given, specifying as grounds of objection to the petition and also to the statement or notice of claim filed with the Clerk of Court, that the petitioner in this proceeding "fails to allege that the lumber was furnished by and under a contract with this defendant, or with any one authorized by this defendant, or with the consent of the defendant, and fails to allege that the lumber furnished was actually used on any of the lots described, and if so used on which lot, and upon the further ground that under the statute the petitioner as assignee has no right to enforce the alleged claim."

A concise statement of the various questions and rulings arising out of this motion appears in the order of his Honor, Judge Townsend, as follows:

"On hearing the motion counsel for the plaintiff-petitioner took the position that the objections made by the Argo Development Company had been waived by answering and that this motion was not the proper remedy; and I held that they were not waived, and that this motion comes in time, and is the proper remedy. On hearing and considering the motion I hold that both the notice or statement filed with the clerk, and the petition, are fatally defective in not stating either that the material was furnished under a contract with said Argo Company, or the terms of such contract. The plaintiff asked for leave to amend both the notice and the petition so as to cure such defect. The Court holds that, time for filing the notice having expired, the motion to amend comes too late to appeal to the discretion of the Court, and that under the existing circumstances it should be refused."

There are twelve exceptions taken to the above order which may be grouped for convenience into three propositions: (1) Exceptions 1-4 relate to the preliminary objection that raise the question whether the motion was properly made. (2) Exceptions 5-8 present the contention that the Circuit Judge was in error in holding that the petition and statement of claim were fatally defective in not stating the contract relied upon to create the lien. (3) Exceptions 9-12 contend for the right of amendment and allege abuse of discretion by the Circuit Judge in refusing to allow such amendment.

As a basic rule governing proceedings brought for the enforcement of mechanic's liens, it was declared by Mr. Justice McGowan in *Murphy v. Valk*, 30 S. C., 262, 267; 9 S. E., 101, 103, that "in enforcing the rights so given, the special machinery provided for that purpose must be strictly followed." In the case of *Tenney v. Anderson*

*Water, Light & Power Co.,* 67 S. C., 11, 17; 45 S. E. 111, 113, it is also pointed out that "the statute affords the only remedy for the enforcement of the lien." Two requirements must be observed by the claimant of a lien for materials furnished, or, otherwise, it is specifically declared by the statute which creates the lien that it shall be dissolved: First, the provision of Section 5647 (Code of Laws 1922, Vol. 3) which requires the filing by the claimant, within 90 days after he has ceased to furnish labor or materials, of "a statement of a just and true account of the amount due him, with all just credits given, together with a description of the property intended to be covered by the lien, sufficiently accurate for identification, with the name of the owner or owners of the property, if known." Second, the provision of Section 5649 which requires the commencement of a suit for enforcement of the lien within six months after the person desiring to avail himself of the lien has ceased to furnish material for the building.

But while the requirement in respect to filing the statement and commencing the suit within the statutory period thus prescribed must be strictly followed, it is clearly manifest that in giving the lien it was the intent of the Legislature to safeguard in the broadest possible manner the rights of those who have endeavored in good faith to follow the provisions of the statute in order to get its protection. The indicated procedure for bringing suit to enforce a lien is, under Section 5650, by petition to the Court of Common Pleas for the County where the building is situated. A statement of essential allegations of the petition is made in general terms in Section 5633, supplementing the provisions above referred to; other provisions were included in the statute in order that the protection afforded by the lien should be one of common right and should not be dependent upon strict observance of technicalities either of procedure or of pleading. These appear in Code of 1922, Vol. 3, as follows:

"(5648) § 10. *Not invalidated by Inaccuracy of Statement, etc.*—No inaccuracy in such statement, relating to the property to be covered by the lien, if the property can be reasonably recognized, or in stating the amount due for labor or materials, shall invalidate the proceedings, unless it appear that the person filing the certificate has willfully and knowingly claimed more than is his due. Civ., '12, § 4118; Civ., '02, § 3013; G. S., 2355; R. S., 2470; 1869, XIV, 220."

"(5654) § 16. *Amendments of Pleading.*—The Court may at any time allow either party to amend his pleadings as in other civil actions."

No especial provision is made in the statute for defendant's pleadings in actions of this character. It is recognized, however, in the decision that he has the same right to demur or answer as in any other civil action. *Matthews v. Monts,* 61 S. C., 385, 387; 39 S. E., 575; *Metz v. Critcher,* 83 S. C., 386, 397; 65 S. E., 394; *Id.,* 86 S. C., 348; 68 S. E., 627. Or, even after answer, upon five days' notice in writing to the opposite party stating the grounds of his objection, he may demur, or move to dismiss the petition, for failure to set out essential allegations of facts. Sections 400 and 405, Code of Civil Procedure 1922; Circuit Court Rule No. 18. The defendant's motion is of this character. It raises the question that the petition has failed to state facts necessary to show the mechanic's lien that it seeks to enforce. "If this be a defect appearing on the face of the complaint, the objection is not waived by answer without stating the objection, but may be urged on the trial, if the defendant give five days' notice in writing to the opposite party of the grounds of such objection." *Peterman v. Pope,* 74 S. C., 296, 298; 54 S. E., 569, 570.

Considering next the question whether the petition, as based on the statement of claim filed by the petitioner, is lacking any essential facts as contended in defendant's motion, we must look for guidance to the

statute that gives the remedy. Section 5653, Code of 1922, provides:

"The petition shall contain a brief statement of the contract on which it is founded, and of the amount due thereon, with a description of the premises subject to the lien, and all other material facts and circumstances."

In checking over the averments of the petition to see whether it conforms to the requirements of the statute above quoted, reference must again be had to the Code of Civil Procedure, where Section 420 provides:

"*Pleadings to be Liberally Construed.*—In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

If the petition be considered without reference to the statement of lien upon which it is based, it must be regarded as incomplete in statement of the facts necessary to create a lien, in that it contains merely the allegation that plaintiff's assignor, Home Lumber Company, had furnished material for the erection of a number of houses on the several lots of land described in the petition. The mere furnishing of such material with the intention that it should be used in the erection of houses on the property is not enough to meet the requirements of the mechanic's lien statute. There must also appear the use of the material in the erection or repair of some building or structure on the identical property against which the lien is claimed. This is in effect the language of the statute, Section 5639, in which it is stated that the lien is given "for materials furnished and actually used." See, also, *Wardlaw v. Troy Oil Mill,* 74 S. C., 368, 372; 54 S. E., 658, where it was held that the debtor, by selling without notice to the creditor a portion of the brick furnished for the erection of an oil mill, had divided the items of the account into two distinct classes, one secured and other unsecured.

It appears, however, in the petition, that it was brought for the enforcement of a mechanic's lien which is described and identified by specific averment of the petition in which it is also alleged that the said lien had been filed and duly recorded as required by law. If resort be made to the statement or notice of claim of lien, for the purpose of making the allegation of the petition more definite and certain in respect to the use of the material on the property for which it was furnished, then the existence of facts necessary to create the lien will appear. The averment is contained in the statement of claim: "The Home Lumber Company has furnished material herein itemized used by the Argo Developmnt Company in the building of houses on the above described lot." The statement and the petition were discussed and considered together in the argument on the motion in the Court below, and therefore it seems proper to assume that these statements were deemed a part of the petition as an exhibit. In such case the rule declared by Mr. Justice Jones in *Matthews v. Monts,* 61 S. C., at page 388; 39 S. E., 576, would apply:

"While an exhibit to a complaint may not be used to supply a material allegation or cure a fatal defect in the complaint, it may be resorted to to make the allegations of the complaint definite and certain."

The criticism of the Circuit Judge is not only directed at the petition, but extends also to the statement of claim filed with the clerk. He holds that both are fatally defective "in not stating either that the material was furnished under a contract with said Argo Company or the terms of such contract." The provision of the statute that relates to the filing of the statement and prescribes what it shall contain was evidently intended to give public notice of the lien and therefore limits its requirement to three features necessary for the notice, namely: (1) A statement of the amount due the claimant with all just credits given; (2) a description of the property in-

tended to be covered by the lien, sufficiently accurate for identification; and (3) the name of the owner or owners of the property. In all these respects the statement filed by the claimant of the lien has substantially met the requirements of the statute; and therefore as to such statement the position taken by the Circuit Judge does not appear well founded. Under Section 5653, as we have already pointed out, the petition, which serves the different purpose of advising the owner of the property of the grounds of action, is required to contain a brief statement of the contract on which it is founded. It should be noted, however, that under the terms of Section 5639 the statute gives a lien to "any person to whom a debt is due * * * for materials furnished and actually used * * * by virtue of an agreement with, or by consent of, the owner."

In *Geddes v. Bowden*, 19 S. C., 1, 5, Mr. Justice McIver said: "* * * To create a debt there must be some contract, either express or implied, between the parties." Where material is furnished by the claimant of the lien directly to the owner and afterwards used for the owner's benefit in the erection of a building on his premises, the right to assert the lien cannot be evaded by the lack of express terms of agreement. The contract of the owner to pay the value of the material so furnished is implied from his acceptance of the material. As was said by Mr. Justice Gage in the case of *Williamson v. Hotel Melrose*, 110 S. C., 1, 30; 96 S. E., 407, 414:

"So much assumed then, the statute in such a case plainly and by the express words of it, as betwixt the furnisher and furnishee, gives a lien on a lot and building to the person who furnishes labor or material thereon. The instant the labor or material is furnished, that instant the lien is created betwixt the two parties to the transaction."

The sufficiency of the statement of facts to show an implied contract involves the further question whether a single lien could be created by use of the material on

"the several lots of land" described in the statement upon which the action is founded. Under the terms of the statutes, Section 5639, the lien is limited to the "building or structure" in which the materials have been used, and "upon the interest of the owner thereof in the lot of land upon which the same is situated." The extent of the land to which the mechanic's lien attaches was brought up for consideration in the case of *Ex parte Davis,* 9 S. C., 204, 207, involving the question whether the lien could be asserted against several adjoining lots used and controlled by the owner for a common purpose. In sustaining the lien against the entire property, the Court said:

"The several tracts, two, three and four, were bought, procured and held for a common and avowed purpose; * * * and the buildings were erected exclusively to aid in this purpose. The entire lot containing the three tracts should properly be regarded, for the purposes of the statute, as the lot of land on which the buildings were situated."

This holding seems in complete accord with the general rule, an excellent statement of which, supported by numerous citations from many jurisdictions, appears in the extensively annotated note found in 10 A. L. R., at page 1026:

"The great weight of authority is to the effect that where labor is performed or materials furnished under one contract and for one owner, for two or more buildings located on distinct but contiguous lots, a single mechanic's lien may be filed against all the buildings."

See, also, Section 5015, Thompson on Real Property (Volume 6, at pages 165, 166). In the case of *Phillips v. Gilbert,* 101 U. S., 721; 25 L. Ed., 833, involving the effect of the District of Columbia mechanic's lien statute, which at that time was quite similar to the South Carolina statute in respect to the lien given for materials furnished, Phillips filed one lien on a row of six buildings. The lien was held good. In disposing of a demurrer, under which the position had been taken that the lien was void because of its

being claimed on the whole row of buildings and not on the buildings separately, the Court said:

"We think, however, there is nothing in this objection. The contract was one, and related to the row as an entirety, and not to the particular buildings separately."

Similarly, in 18 R. C. L., 952, citing as authority for the text an Oregon case, *Beach v. Stamper*, 44 Or., 4; 74 P., 208; 102 Am. St. Rep., 597, it is said: "The contract is" considered "the controlling feature that unites the several structures and" makes them "but one building within the spirit and reasonable intendment of the statute."

A still further extension of the same principle is found in the case of *Chadbourne v. Williams*, 71 N. C., 444, cited in the note to 10 A. L. R., at page 1032, where it was held that the lien of the materialmen for his whole debt would cover two lots separated by a street. In stating its reasons for this decision the Court very justly commented:

"When materials are furnished under a single contract for buildings put up on two lots, it cannot be expected of the vendor to know how much is used on one of them and how much on the other. In this case as the association is the assignee of the whole property subject to the plaintiff's lien, it can scarcely be material to distribute the burden between the several lots."

To similar effect is 18 R. C. L., 950 (citing as authority for the text *Lehmer v. Horton*, 67 Neb., 574; 93 N. W., 964; 2 Ann. Cas., 683 and note), stating that a single lien "may be sustained where the claimant furnishes, under a running account with the owner, the materials for use in the equipment of a group of buildings, where they are maintained for a common purpose, though they are not all situated on contiguous lots, and the claimant is not able to show what portion of the materials was used in any particular building." A divergence of opinion, spoken of in *Burel v. East Arkansas Lumber Company*, 129 Ark., 58; 10 A. L. R., 1017, 1018, as a "hopeless conflict" of the au-

thorities, still exists as to whether a single lien for material can be filed against two or more separate buildings located on lots which are not contiguous; this divergence of opinion being no doubt attributable in some measure to differences in the terms of the different statutes. Note to 10 A. L. R., at pages 1031-1037.

The conditions presented by this appeal make it unnecessary, however, for us to decide whether the lien given under our statute will cover non-continguous lots. The failure to allege on which lot the lumber furnished was used was made a separate ground of respondent's motion to dismiss the petition. This was passed upon and dismissed by the Circuit Judge, and no question has been made by his ruling. It may also be noted that there has been left out of the record of the case for appeal all essential matters of description that would show the location of the lots, whether adjoining each other or not, or that would otherwise furnish any identification of the property involved. It must, therefore, be assumed for the purpose of this appeal that it was decided by the Court below, and conceded by respondent, that the lien filed for the materials furnished would have covered the entire property therein described, if the statement of agreement upon which the claim of lien was founded had been in other respects sufficient.

But irrespective of any other reason for holding that the lots covered by the claim of lien could not be questioned under respondent's motion to dismiss the proceedings, the declaration of this Court in *Schumpert v. Southern Railway*, 65 S. C., 332, 335; 43 S. E., 813, 814; 95 Am. St. Rep., 802, is conclusive of this ground of the motion. The words of Mr. Justice Jones in that opinion are equally appropriate here:

"The objection merely presents a case of repugnancy or inconsistency in the manner of statement, and is to be rem-

edied, if at all, by a motion to make definite and certain, and not by general demurrer for insufficiency."

We also think that if a more definite statement of the terms of the contract, whether express or implied, were deemed by defendant to be desirable or proper, its remedy was by a motion to require the petition made more definite and certain. It was so decided in *Smith v. Bradstreet Co.,* 63 S. C., 525, 532; 41 S. E., 763, 765, where it is said that:

"It was in the power of the defendant, if the allegations of fact were subject to the objection of want of definiteness and certainty, to have the plaintiff make them more definite and certain by motion and not by demurrer."

Under this viewpoint of respondent's situation, the further principle, as declared by Mr. Justice Gary in *Cartin v. South Bound R. Co.,* 43 S. C., 221, 224; 20 S. E., 979, 980; 49 Am. St. Rep., 829, becomes applicable:

"If the defendant waived said objections by failing to make such motions, then the plaintiff had the right to the relief to which all the allegations showed he was entitled."

The last group of exceptions, which bring up the question whether the Circuit Judge was in error in refusing to allow amendment of the proceedings, must also be sustained. This conclusion is the necessary sequence of the views that we have already expressed. Leave to amend appears to have been refused because of the holding that the proceedings were fatally defective and that claimant's time for filing the lien had expired before the motion was made. This position has been found untenable, as the statement filed with the clerk was substantially in compliance with the statutory requirements. The situation under this exception therefore presents a close parallel to the case of *Waring v. Miller Batting & Manuf'g Co.,* 36 S. C., 310, 321; 15 S. E., 132, 134, where Mr. Chief Justice McIver expressed the attitude of this Court in favor of the liberal ex-

ercise of the power of allowing amendments in proceedings of this character as follows:

"A party may in his pleading, through ignorance or inadvertence, misstate or state insufficiently a fact material to his case, and one of the main objects of the provision in respect to amendments is to enable him to rectify such errors or omissions. The amendment asked for would not effect any change whatever in the nature of the petitioner's claim, but was intended simply to supplement a defective statement of the facts upon which the remedy he sought to enforce his claim was based, and it should have been allowed."

The order dismissing the petition is reversed and set aside, and the case is remanded to the Circuit Court for such further proceedings as may be consistent with the views herein announced, with the privilege to the petitioner to amend his petition, if he desire to do so, within such reasonable time as the Circuit Court may direct.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.

MR. JUSTICE BLEASE did not participate.