CARTIN v. SOUTH BOUND RAILROAD COMPANY.

1. RES JUDICATA—NONSUIT.—Where a nonsuit is granted, not for want of evidence, but because plaintiff has no cause of action under her deed, and no appeal is taken from such order, the construction of such deed becomes *res judicata* and binding upon the courts in a subsequent action between the same parties based upon the same deed.

2. IBID.—SEPARATE CAUSES OF ACTION.—If plaintiff's complaint sets forth two causes of action, and the defendant fails to require a separation or election, the case is tried upon all the allegations of the complaint, and, after judgment, the plaintiff cannot bring a separate suit on either one of such causes of action.

Before BENET, J., Lexington, September, 1894.

Action by Jane A. C. Cartin against the South Bound Railroad Company, commenced in August, 1894.

*Mr. C. M. Efird*, for appellant.

*Messrs. Lyles & Muller*, contra.

February 23, 1895.  The opinion of the court was delivered by

MR. JUSTICE GARY.  The plaintiff executed to the defendant a deed by which she conveyed to said defendant a right of way three hundred feet wide over her lands, "for the purpose of building a railroad over the same.  Such right of way to be over said lands in such shape and direction as the said railroad company, its successors or assigns, may select, but so as not to interfere with my dwelling, barn or any other outbuilding, and not nearer than four hundred yards to my dwelling.  But if said railroad company should find it necessary to run its road nearer my dwelling than first above stated, it may do so on paying such damages, if any, I may sustain thereby, as may be assessed by three disinterested parties, one chosen by me, one by it, and the third by the first two."

The complaint sets forth this deed, and alleges that the defendant did construct its road and is operating the same nearer than four hundred yards to plaintiff's dwelling; that thereafter plaintiff offered to arbitrate with the defendant the question of damages, but the defendant failed, neglected, and refused to comply with her request; that the plaintiff has sustained damages by reason of the location and operation of defendant's road within four hundred yards of her dwelling, to the amount of one thousand dollars, which is the price the defendant company agreed to pay for said right of way.  The defendant in its answer admitted its corporate existence, and admitted the execution and delivery of the deed, and denied every other allegation in said complaint contained, and for a second defence set up the plea of *res adjudicata*.

The case came up for a hearing before his honor, Judge Benet, and a jury, but before any testimony was offered by plaintiff, a motion was made by defendant's counsel to dismiss the complaint on the ground that the issues raised by the

pleadings herein were *res adjudicata*. The motion was heard by consent, and the record in the former action, consisting principally of the original complaint order sustaining oral demurrer to same, order for leave to amend, amended complaint, and order of nonsuit, presented to the court. The motion was granted and the complaint dismissed, his honor, Judge Benet, holding that the order of nonsuit was "a bar to this action, and that plaintiff's only remedy was to proceed under the statute." The order of his honor, Judge Witherspoon, is as follows: "A motion having been made in the above entitled action for a nonsuit, after hearing arguments by Joseph W. Muller, Esq., in support of the motion, and C. M. Efird, Esq., *contra*, and upon inspection of the deed from the plaintiff to the defendant and set forth in the complaint, I find, as matter of law, under the authorities cited by defendant's counsel, to wit: *Hammond* v. *Railroad Company*, 15 S. C., 33, and *Hale* v. *Finch*, 104 U. S., 261, that there is no agreement in said deed, on the part of the defendant, the South Bound Railroad Company, to submit the question of damages to arbitration. It is, therefore, ordered, that the motion be granted, and the complaint herein dismissed with cost."

Plaintiff excepts to the order of his honor, Judge Benet, and contends that he should have held: 1. That the deed was a valid contract between the two parties, and took the case out of the statute. 2. That the deed was not rendered void by the provisions as to arbitration having been decided not binding upon the defendant, but that its other provisions remained unimpaired, making it so far a valid contract between the parties, and that the plaintiff could enforce her right under it in the courts."

The so-called nonsuit was not granted simply because there was *a failure of evidence*, but because from a *construction of the deed*, plaintiff did not have a cause of action. To this extent the order of Judge Witherspoon must be construed as an adjudication upon the *merits* of the case. His construction of the deed was binding upon the parties to said action. There can be no question, that if the cause of action herein was set forth in plaintiff's amended complaint when his honor,

Judge Witherspoon, construed the deed, such construction is binding on the plaintiff, and is *res adjudicata.*

It is argued by the appellant that the plaintiff has two causes of action—one for the alleged wrong on the part of the defendant in constructing its roadbed nearer than four hundred yards to plaintiff's dwelling house, and, also, for the alleged wrong in refusing to arbitrate the question of damages caused thereby. Even admitting that plaintiff had two such causes of action, we do not think the Circuit Judge was in error. The first complaint, the amended complaint, and the complaint herein, all set forth the facts both as to the alleged wrongful act on the part of the defendant in constructing its roadbed nearer than four hundred yards to plaintiff's dwelling, and, also, its wrongful act in refusing to arbitrate the question of damages caused thereby. If two causes of action were set forth in the complaint, without being separately stated, the defendant, it is true, had the right to make a motion that the complaint be made more definite and certain; or if allegations were made which were unnecessary to sustain the cause of action stated in the complaint, to make a motion to strike out such allegations as irrelevant and as surplusage. Pom. R. & R. R., §§ 447, 451. If the defendant waived said objections by failing to make such motions, then the plaintiff had the right to the relief to which all the allegations showed he was entitled. The plaintiff, where the allegations of the complaint are appropriate to either of two causes of action, may be required, upon motion of the defendant, to make his election as to the cause of action upon which he will proceed to trial. *Westlake* v. *Farrow,* 34 S. C., 270; *Hammond* v. *Railroad Company,* 15 *Id.,* 10; *Hellams* v. *Switzer,* 24 *Id.,* 39. If the defendant fails to take such steps the plaintiff is estopped, afterwards, from separating the causes of action, and bringing separate suits thereon. Having had the benefit of such allegation in the first complaint, he cannot be allowed to bring them in review a second time by alleging a separate cause of action.

It is the judgment of this court, that the order of the Circuit Court be affirmed.