### CLINE v. SOUTHERN RY. CO.

(District Court, W. D. South Carolina. March 10, 1916.)

1. DISMISSAL AND NONSUIT ⬥58(1)—MOTIONS—GROUNDS.

In an action for personal injuries, where defendant pleaded a release and plaintiff was not required to reply under the law unless so required by order of the court, a motion to dismiss on the ground that a court of law had no jurisdiction would be denied, since while in the federal courts matters cognizable in equity cannot be considered on the law side of the court, and while the only fraud permissible to be proved at law would be fraud touching the execution of the instrument, it could not be assumed that the release was executed as alleged or that plaintiff could only get relief from the release in equity.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 134, 138; Dec. Dig. ⬥58(1).]

2. JUDGMENT ⬥828(3)—JUDGMENTS OPERATIVE AS BAR.

Under Const. art. 4, § 1, providing that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, a federal court gives the same effect to a judgment of a state court as it had in the state where it was rendered, and a judgment which bars an action in the state where it was rendered is res judicata in the federal courts.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1507, 1508; Dec. Dig. ⬥828(3).]

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. JUDGMENT ⬤⟲570(5)—JUDGMENTS OPERATIVE AS BAR—NONSUITS.

In an employé's action for injuries in a South Carolina state court, the court granted a nonsuit "for the reasons taken down by the stenographer." In ruling on the nonsuit the court stated that he thought plaintiff was a foreman; that it was his business to make an unsafe business safe and to prepare a safe place for himself and his men to work; that he did not think it made any difference whether defendant was negligent or not; that he could not escape the conclusion that plaintiff's foot slipped and that when he fell down he pulled a bent on him, and therefore the only reasonable inference that could be drawn was that he was injured by an unfortunate accident; that he did not think he could sustain a verdict if rendered against defendant on the evidence; and that he was going to grant a nonsuit on the ground that there was no other reasonable inference to be drawn from the evidence, and for the further reason that coal under his foot was possibly put there or left there by himself or his men. *Held*, that the nonsuit was clearly granted for insufficiency of the evidence to support a verdict for plaintiff, and not because the evidence showed affirmatively that plaintiff was not entitled to recover, and hence under the rule in South Carolina it would not prevent a new action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1032; Dec. Dig. ⬤⟲570(5).]

4. JUDGMENT ⬤⟲570(5)—JUDGMENTS OPERATIVE AS BAR—NONSUITS.

In an employé's action for injuries in a South Carolina state court, the court granted a nonsuit for insufficiency of the evidence. The judgment was affirmed on appeal, the Supreme Court stating, in closing its opinion, that it appeared that the injury was due to plaintiff's own fault and that defendant was not liable. In that state a judgment may be affirmed on grounds other than those upon which it was based in the lower court. *Held*, that the expression in the opinion of the Supreme Court did not show that it placed its judgment on a ground other than the insufficiency of the evidence, and hence the judgment did not bar a new action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1032; Dec. Dig. ⬤⟲570(5).]

At Law. Action by D. J. Cline against the Southern Railway Company. On motion to dismiss the complaint. Motion refused.

See, also, 101 S. C. 493, 86 S. E. 17.

J. Harry Foster, of Rock Hill, S. C., for plaintiff.

McDonald & McDonald, of Winnsboro, S. C., for defendant.

JOHNSON, District Judge. This is a motion by the defendant to dismiss the complaint herein on two grounds: First, because it appears upon the face of the pleadings that this court sitting as a court at law has no jurisdiction of this action; second, because the plaintiff is estopped by the judgment of the state court which is res judicata of the matter now sought to be litigated in this court.

[1] The motion to dismiss for want of jurisdiction is based on the defendant's fourth defense, which sets up a release alleged to have been executed by plaintiff, whereby for a valuable consideration he released the defendant from any further liability to him on account of his alleged personal injuries growing out of the facts set up in the complaint. It is contended that, inasmuch as the plaintiff has not made replication to the answer, it is admitted, and that such release on the law side of the court stands as a full and complete defense to

the plaintiff's alleged cause of action, and that he has no right to proceed as long as said release is unassailed. Defendant further insists that while under the practice in the state courts the question of the validity of the release may be tried in the same action, and any question affecting its validity submitted to the jury with the other issues, under the practice in the federal courts such cannot be done, because in the latter courts the distinction between law and equity is rigidly and strictly observed. Unquestionably, matters cognizable in equity cannot be considered on the law side of the court, nor can matters of a legal nature be considered on the equity side of the court. It is not deemed necessary to quote authorities on this point, as this doctrine in the federal courts is fundamental and elementary. The real difficulty is in determining the applicability of the law to this particular case. The plaintiff is not required under the law of pleadings to reply to an answer unless the answer sets up a counterclaim. The answer in this case does not set up a counterclaim, but in the fourth defense there is set up a release which, if established, will avoid the plaintiff's action. The defendant may, where his answer sets up new matter constituting a defense by way of avoidance, move the court to require a reply thereto, and, if the court shall order a replication, it is subject to all the rules of pleadings in regard to an answer; that is, the plaintiff must admit or deny or avoid the new matter so set up. In the present state of the pleadings, the court cannot assume that the release set up by the defendant was executed, nor can the court anticipate the character of the reply the plaintiff may make to the release if required to make replication. If the cause shall go to trial on the pleadings as now made up, the court cannot anticipate the plaintiff's attitude with respect to the release, nor can the court now rule upon the character of evidence that will be admissible. In the case of George v. Tate, 102 U. S. page 570, 26 L. Ed. 232, it is said:

"It is well settled that the only fraud permissible to be proved at law * * * is fraud touching the execution of the instrument, such as misreading, the surreptitious substitution of one paper for another, or obtaining by some other trick or device an instrument which the party did not intend to give."

It is not necessary to multiply authorities. This doctrine has been announced repeatedly, and is settled law in this court, and will be binding on the court when the cause comes on for trial. Whether the plaintiff can bring himself within this rule to avoid the alleged release, or whether it is such a paper as he can only get relief from by proper action in a court of equity for its rescission, the court is not advised.

[2] The second ground upon which the defendant's motion is based is that the plaintiff is estopped by the judgment of the state court which is res judicata of the matters now sought to be litigated in this court. The plaintiff brought his action in the court of common pleas for York county on May 16, 1914, for personal injuries growing out of the same state of facts alleged in the complaint now before the court. The court of common pleas for York county acquired jurisdiction of both the parties and the subject-matter, and that court is a court of general jurisdiction and has concurrent jurisdiction with

this court in the cause of action set out in the complaint. This cause being at issue came on at the November, 1914, term before Special Judge Efird and a jury, and after the taking of all the testimony offered by the plaintiff to sustain his cause of action, upon motion of counsel for defendant therein, a nonsuit was granted. From the order of nonsuit the plaintiff appealed to the Supreme Court of the state of South Carolina, and the Supreme Court of the state sustained the order of nonsuit and affirmed the judgment of nonsuit. 101 S. C. 493, 86 S. E. 17. Section 1, art. 4, of the Constitution of the United States provides that:

"Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

The federal court gives the same effect to a judgment of the state court as it had in the state where it was rendered. In the case of Hampton v. M'Connel, 3 Wheat. 234, 4 L. Ed. 378, decided by Chief Justice Marshall, the syllabus of the case was as follows:

"A judgment of a state court has the same credit * * * and effect in every other court within the United States, which it had in the state where it was rendered; and whatever pleas would be good to a suit thereon, in such state, and none others, can be pleaded in any other court within the United States."

In Scotland County v. Hill, 132 U. S. 107, 10 Sup. Ct. 26, 33 L. Ed. 261, it is held that an adjudication in the state court which binds the plaintiff, whether it was right or wrong, precludes him until it has been reversed or set aside. It cannot be disregarded any more in the courts of the United States than in those of the state itself. Is the matter in controversy res judicata? Could the plaintiff again bring his action in a state court in South Carolina? If he could not bring his action again in the state court because the previous adjudication is binding upon him and determined the merits of his cause, then he cannot bring it in this court. In South Carolina an ordinary nonsuit does not adjudicate anything. There are nonsuits, however, which go to the merits of the matter in issue. Such a nonsuit is binding upon the parties. In the case of Cartin v. R. R. Company, 43 S. C. 221, 20 S. E. 979, 49 Am. St. Rep. 829, an action was brought upon a written instrument. At the close of the plaintiff's testimony, Judge Witherspoon construed the written instrument upon which the plaintiff's cause of action was based and held that the plaintiff did not have a cause of action under that written instrument. Whereupon he granted an order of nonsuit. Thereafter the same plaintiff brought action against the same defendant upon the same written instrument, and Judge Benet with the record in the previous case before him held that Judge Witherspoon's construction of the deed involved was res judicata and dismissed the complaint. In the case of Morrow v. Railroad Co., 84 S. C. 224, 66 S. E. 186, 19 Ann. Cas. 1009, Morrow had been injured in North Carolina. He had brought one action in the superior court of North Carolina and had been nonsuited, which nonsuit was affirmed by the Supreme Court of the state. Thereafter he brought a second action in the superior court of North Carolina upon the same cause

of action and was again nonsuited, and upon appeal to the Supreme Court of the state the order of nonsuit was affirmed. Thereafter he brought his action in the court of common pleas for Spartanburg county, S. C., upon the same cause of action, and it was decided by the court upon the inspection of certified records of the North Carolina cases that the decision involved the merits and that he was precluded from again suing in North Carolina, and, of course, the court, giving full faith and credit to the North Carolina adjudication, dismissed the complaint. In the case of Hughes v. Ry. Co., 92 S. C. 1, 75 S. E. 214, the Supreme Court said:

"A nonsuit is not usually a judgment upon the merits. It was originally given against the plaintiff when he introduced insufficient evidence to support a verdict or when he refused or neglected to proceed to the trial of the cause after it had been put at issue. It is different, however, where the plaintiff is nonsuited or a verdict is directed because the evidence introduced by the plaintiff proves affirmatively as a matter of law that he is not entitled to recover. The difference is that in one instance the plaintiff fails to make out his case; in the other instance he proves affirmatively facts which as a matter of law show that he is not entitled to recover." Jenkins v. A. C. L. R. R. Co., 89 S. C. 408, 71 S. E. 1010; Morrow v. Railroad Co., 84 S. C. 224, 66 S. E. 186, 19 Ann. Cas. 1009.

[3] Coming to the case under consideration, did the court grant the nonsuit because the plaintiff had failed to introduce sufficient evidence to sustain a verdict, or because the evidence showed affirmatively that the plaintiff was not entitled to recover? The order is very short:

"After hearing argument of counsel and for the reasons taken down by the stenographer, it is ordered that a nonsuit be granted herein."

In ruling on the nonsuit, the court said:

"Gentlemen, I have given the testimony very careful thought, and I think this man was the foreman and intrusted by the master to do the work. It was his business to go and make an unsafe business safe, and it was his business to prepare a safe place for himself and for his men to work. I don't think it makes any difference in the case whether the master was negligent in the particulars mentioned in the complaint or not. I cannot escape the conclusion that he had safely placed all of the bents, that he had safely removed this one, and, in attempting to put it back in place, his foot slipped from under him, and when he fell down he pulled the bent on him, and therefore the only reasonable inference that could be drawn from the facts is that he was injured by one of the unfortunate accidents that befalls humankind; and I do not think I could sustain the verdict if the jury were to render one against the railroad company on this evidence, and I think it would be useless to go on with the case. I do not go into any of the other questions as to whether this is a cause under the United States Employers' Liability Act (April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]). For in this case I think it makes no difference and I do not pass on the validity or invalidity of the release, but I am going to grant the motion for a nonsuit and put it on the ground that there is no other reasonable inference to be drawn from the evidence on his part caused by his foot slipping and pulling down the bent on him and for the further reason that the coal under his foot was possibly put there or left there by himself or by the men who were under his control or direction."

[4] Clearly, the court granted the nonsuit because the evidence was not sufficient to support a verdict. The difficulty in the case is found

in the last clause of the last sentence of the reasoning of the Supreme Court:

And it appears "that the plaintiff's injury was due to his own fault, and that the defendant is not liable. Judgment is affirmed."

That language is far broader than the language used by Judge Efird in granting the nonsuit. The Supreme Court has held that it is a judgment of the court that controls, and not the reasoning of the court in reaching that conclusion. I am not able to hold that that expression found in the reasoning of the Supreme Court is of such force and effect as to make the matters herein res judicata. Judge Efird's judgment of nonsuit was before the Supreme Court to be either affirmed or reversed. Under the practice in that court, the respondent may ask that the judgment appealed from be sustained on other grounds than those upon which it was based in the lower court. From the record before me it does not appear that the Supreme Court placed its judgment of affirmation upon grounds other than Judge Efird's. The action now before this court is brought under the Employers' Liability Act. Judge Efird distinctly refused to decide the question whether it was a common-law action or an action under the Employers' Liability Act. I am therefore constrained to hold that Judge Efird's judgment of nonsuit was based upon the insufficiency of evidence to support a verdict.

Wherefore, the motion to dismiss the plaintiff's complaint is refused.