## 9438

### MIKELL v. McCREERY-PRESSLEY CO.

#### (89 S. E. 467.)

1. PLEADING—MOTION TO STRIKE OUT IRRELEVANT MATTER—DISCRETION.
—Motions to strike out allegations as irrelevant and redundant are addressed to the discretion of the trial Judge.

2. PLEADING—MOTION TO STRIKE OUT IRRELEVANT MATTER—DISCRETION.
—It is not an abuse of discretion to strike out irrelevant matter from a complaint containing allegations appropriate to a cause of action in contract and one based on deceit, where plaintiff does not indicate on which he relies or whether he relies upon the fact that the complaint contains two causes of action; Code Civ. Proc. 1912, sec. 216, allowing in actions *ex delicto* several wrongful acts to be pleaded together without election between them, not being applicable.

3. PLEADING—MOTION TO STRIKE OUT IRRELEVANT MATTER—DISCRETION.
—All allegations not appropriate to a cause of action relied on are superfluous and should, on motion, be stricken.

Before BOWMAN, J., Columbia, October, 1915. Appeal dismissed.

Action by P. V. Mikell against the McCreery-Pressley Company and another. From an order, plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *As to general principles of pleading:* 93 S. C. 561. *Charge of fraud:* 96 S. C. 241; 166 N. C. 610; 82 S. E. 947; 9 Enc. Pl. & Pr. 695; 115 U. S. 228; 82 S. C. 393. *Breach of warranty:* 61 S. C. 192, 193; 62 S. C. 445. *Motions to make more definite and certain:* Code Civ. Proc. 216; 66 S. C. 134; 65 S. C. 228; 101 S. C. 440, 441; 93 S. C. 561. *Sufficiency of complaint:* 26 S. C. 282; 61 S. C. 192; 92 S. C. 388. *Order requires evidentiary matter to be stated:* 91 S. C. 424; 93 S. C. 561. *And is appealable:* Code Civ. Proc., 11 subd. 2; 101 S. C. 440; 93 S. C. 561.

*Messrs. Melton & Belser,* for respondent, submit: *Complaint improperly states two causes of action jumbled*

*together:* Pom. Code Rem., secs. 347, 350, 351. *They should be separately stated:* Code Civ. Proc., sec. 218; Pom. Code Rem., secs. 340, 341, 345; 64 S. C. 571. *Code Civ. Proc., sec. 216, does not apply:* 61 S. C. 170. *Portions of complaint properly stricken out:* Pom. Code Rem., secs. 445 and 446; 50 S. C. 67; 73 S. C. 29.

July 3, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order striking out certain allegations of the complaint, on the ground that they were irrelevant, immaterial, and redundant; also, from an order that the complaint be amended by stating, separately, the cause of action for deceit and misrepresentation, and the cause of action upon contract.

The only ground upon which the appellant assigns error in the order striking out certain allegations as irrelevant, immaterial, and redundant is that they were relevant.

1 Motions to strike out allegations, on the ground that they are irrelevant and redundant, are addressed to the discretion of the Circuit Judge; and it has not been made to appear that it was erroneously exercised.

The following are the errors assigned in granting the order, requiring the two causes of action to be separately stated:

"(a) The said complaint states a cause of action, which is properly and regularly set forth, under the laws of this State. (b) The plaintiff had a right, under the laws of this State, to state, as he has, all of the acts of wrong arising out of the same transaction, combining and contributing to and causing the injury."

The assignment of error (a) cannot be sustained for the reason that it is predicated upon the theory that the com-

plaint alleges but a single cause of action, whereas it contains allegations appropriate to a cause of action founded upon deceit and misrepresentation, and a cause of action based upon contract; and the appellant has not indicated upon which he relies, or whether he relies upon the fact that the complaint contains two causes of action. If the complaint contains but a single cause of action, which is based on fraud, then all allegations not appropriate to that cause of action are superfluous, and should be struck out, and the same principle would apply if the complaint alleged a single cause of action founded upon contract. *Cartin* v. *Ry.,* 43 S. C. 221, 20 S. E. 979, 49 Am. St. Rep. 829.

We proceed to the consideration of the assignment of error (b). Section 216 of the Code, commonly known as the "jumbling act," is only applicable to causes of action arising *ex delicto*. If the plaintiff has attempted to allege two causes of action—one founded on fraud and the other on contract—then it cannot be successfully contended that both arise *ex delicto;* therefore, section 216 has no application.

In his argument, the appellant's attorney says:

"Whether we consider this an action of fraud, or an action of false warranty, there was no occasion to strike out the pleadings, or require them to be made more definite and certain by trying to separate the causes of action."

The very fact that it is uncertain, whether it is an action based on fraud or on contract, or whether the complaint contains a single or two causes of action, shows conclusively that his Honor, the presiding Judge, properly exercised his discretion in making the order under consideration.

Appeal dismissed.

MR. JUSTICE GAGE did not participate in the consideration of this case.