## 10375

### McKENZIE v. SOUTHERN RAILWAY COMPANY *ET AL.*
#### (102 S. E. 514.)

1. Continuance—Within Discretionary Power of Trial Court.—Disposition of motion for continuance rests largely in the discretion of the trial Court.

2. Judgment—Judgment Against One Tort-Feasor Not Acquittal of Others.—Where the administrator of a passenger in an automobile who was killed in a collision with a train sued the owner of the automobile and the railroad company, complaint being in three counts, one against the railroad company, one against the owner of the automobile, and one against the two as joint tort-feasors, a verdict against the owner of the automobile, while referable only to the second count, does not have the legal effect of acquitting the railroad company.

3. Torts—Separate and Joint Suit Improper—Joint tort-feasors cannot be sued both separately and jointly.

4. Pleading—Plaintiff Required to Elect Between Inconsistent Causes of Action.—Where plaintiff sued tort-feasors separately and jointly, he may on seasonable motion be required to elect between the inconsistent causes of action.

5. Judgment—Tort—Plaintiff Suing Tort-Feasors Separately Can Have But One Recovery.—Where an accident was the result of the negligence of two different persons, plaintiff may sue both joint tort-feasors in separate actions, but he is entitled to a single satisfaction, though having two separate judgments.

Before Moore, J., York, Summer term, 1918.    Affirmed.

Action by Daniel L. McKenzie, as administrator of the estate of Mrs. Belle Phillips, deceased, against the Southern Railway Company and others.    From a judgment for plaintiff against the named defendant, it appeals.

*Messrs. McDonald & McDonald,* for appellant, cite: *As to the liability of joint tort-feasors:* 1 Jaggard on Torts, pp. 213-212-213-215; 1 Cooley on Torts, pp. 223-4; 93 U. S. 302; 23 L. Ed. 863; 2 Cliff 196; 3 Wall. 1970 (U. S. XVIII 134; 2 Sum. 348; 38 N. Y. 261; 95 U. S. 347; 24 L. Ed. 596.    *A verdict against only one of two defendants, and silence as to the other is equivalent to a verdict for such other defendant:* 97 Neb. 392; 150 N. W. 197; 97 Atl. 674, and cases cited therein; 99 Miss. 148; 54 So. R. 885; 46 L. R. A. (N. S.) 352; 64 S. E. 315.    *Where joint tort-feasors are sued jointly, taking judgment against one is waiver of action against the other:* 40 Ind. App. 311, and 81 N. E. R. 1084; 201 Mass. 451; 87 N. E. R. 605; 104 Mass. 180, 181; 76 Mass. 199, 202; 57 N. E. 332.    *A verdict against one defendant and silence as to the other was equivalent to a verdict in favor of the latter:* 8 So. 101; 25 S. W. 322; 108 N. W. 108; Black on Judgments, vol. II (2d Ed.), sec. 780; 95 U. S. 347; 24 L. Ed. 596.    *In South Carolina, the right to render a verdict against one joint tort-feasor and not against another, in a joint action is well recognized:* 94 S. C. 189; 68 S. C. 55.    *As to the difference between joint liability and joint and several liability:* 10 S. C. 464; 55 S. C. 528    *In South Carolina there is a practice with reference to apportioning the damages against joint tort-feasors, that seems to be peculiar to our State:* S. C. L. 11, (Bay 11); 27 S. C. L. 184 (2 McMull. 184); 8 S. C. L. 338 (1 Mill. Con. R. 333).    *The fireman had the right to assume that the automobile driver would not attempt to drive over the crossing in front of the approaching train:* 57 S. C. 254.    *It was the duty of the automobile driver to use*

*ordinary care to ascertain whether or not a train was approaching before venturing to cross the track:* 63 S. C. 282-287-288; 78 S. C. 279; 81 S. C. 193; 7 S. C. 402. *If the automobile driver was guilty of gross or wilful negligence, which contributed as a proximate cause to the injury and death of Mrs. Phillips, then it is immaterial whether the statutory signals were, or were not, given:* Civil Code of 1912, sec. 3230; 94 S. C. 143. *As to the proper definition of negligence:* 20 S. C. 222; 30 S. C. 228.

*Messrs. S. R. Prince, McDonald & McDonald* and *John Puryear* (additional argument), for appellants, cite: *As to the general law on liability for joint torts:* Cooley on Torts (Students' Ed.), sec. 41; 100 Tenn. 512; 45 S. W. 681; 5 Grat. (Va.) 90; 63 Me. 323; 1 Dill. 67; Fed. Cas. No. 1357; 116 Fed. 803; 162 N. Y. 154; Lawson Rights, Remedies and Practice, sec. 1044; Grave's Notes on Torts, p. 1; Burk's Common Law Pleading and Practice, p. 536; 1 Bay. 11 (1784); 2 McMull. 184; 93 S. C. 329; 75 S. C. 293; 65 S. C. 332; 68 S. C. 55; 63 S. C. 462; 70 S. C. 214; 73 S. C. 180; 7 N. Y. Supp. 481; 22 Enc. of Pl. & Pr., p. 959; 91 Ga. 319; 8 Ind. App. 72; 1 Ind. App. 387; 84 Tex. 116; (Tex. Civ. App.) 25 S. W. 322; 73 Tex. 12; 90 Ala. 527; 8 So. 101; 29 Am. & Eng. Enc., pp. 1013-14; 59 Cal. 342; 54 Ga. 249; 25 Ind. 473; (Conn.) Kirby 424; 2 Mo. App. 571; 3 Utah 488; (Ind. App.) 108 N. E. 168—citing Black on Judgments (2d Ed.), sec. 780; 95 U. S. 347; (Mass.) 112 N. E. 857; 201 Mass. 451; 87 N. E. 605; 176 Mass. 199; 57 N. E. 332; (Tenn.) 99 S. W. 695, and note thereto in Ten. L. R. A. (N. S.) 191.

*Messrs. Wilson & Wilson* and *Stancill & Davis,* for respondents, cite: *As to the doctrine of the liability of parties jointly and concurrently responsible for injuries:* Shearman and Redfield on Negligence, at par. 122; (Va.) 62 S. E. 928. *As to duty of the locomotive engineer and fireman to keep a vigilant look ahead for the sake of passengers and*

*as for those who may be helpless on the track:* 95 S. C. 314;
93 S. C. 17; 90 S. C. 330.   *As to the proper definition of
gross negligence:* 53 S. C. —.

The opinion of the Court was delivered by Mr. Chief
Justice Gary.

This is an action for damages on account of injuries sus-
tained by plaintiff's intestate from which she died, as the
result of the wrongful acts of the defendants.

Plaintiff's intestate was a passenger in an automobile
owned by the defendants, Holler & Hailey, which came in
collision with the train of the defendant, Southern Railway
Company, at a railroad crossing.

The case was tried four times.   On the first and second
trials the jury failed to agree upon a verdict.   On the third
trial the jury rendered the following verdict: "We find for
the plaintiff against the defendants, Holler & Hailey, in the
sum of $4,250.   We fail to agree as to the Southern Rail-
road."   On the fourth trial the jury rendered a verdict
against the Southern Railway Company in the sum of
$7,500.

The following statement appears in the record:

"Before the case was called for trial against this defend-
ant, and on due service of notice in writing, the defendant,
Southern Railway Company, moved for a continuance of the
case until the final determination of the appeal to the
Supreme Court by the defendants, Holler & Hailey.   This
motion was overruled.

"Thereafter, and before the jury was drawn, counsel for
the defendant, Southern Railway Company, offered in evi-
dence before the Court the verdict rendered against the
defendants, Holler & Hailey, and thereupon moved the
Court for a construction of said verdict for the following
reasons, to wit:

"(a) Because the third cause of action set forth in the
complaint was a joint cause of action against the defendant,
Southern Railway Company, and the defendants, Holler &

Hailey, as joint tort-feasors, and if the verdict against the defendants, Holler & Hailey, was upon said third cause of action, then its only legal effect was to determine that there was no joint tort established by the evidence, because no verdict, except a joint verdict, could be rendered on said third cause of action if a joint tort was established by the evidence.

"(b) That the said verdict, as a matter of law under the pleadings, could only be referred to the second cause of action, which was a separate cause of action, against the defendants, Holler & Hailey, for the reason that such verdict was responsive only to the allegations of said second cause of action, and that, therefore, the only legal effect of such verdict was to acquit the defendant, Southern Railway Company, of any negligence, wilfulness, or wantonness alleged in the first and third causes of action to be the proximate cause of the death of plaintiff's intestate.

"This motion was also overruled, but the Court held that the plaintiff was entitled to proceed to trial against the Southern Railway Company on the first and third causes of action set forth in the complaint.

"As part of its evidence counsel for the defendant offered in evidence the verdict of the jury against Holler & Hailey rendered on a previous trial. His Honor excluded it, so far as it was intended to be submitted to the jury as evidence, but stated that it would be admitted for the consideration by the Court, if the Court desired to consider it thereafter. At the close of all of the testimony counsel for the defendant, Southern Railway Company, made a motion to direct a verdict in its favor as to both actual and punitive damages, upon several grounds which are hereinafter fully set forth. This motion was overruled by the Court upon all of the grounds stated.

"After the rendition of the verdict against the defendant, Southern Railway Company, its counsel moved for a new trial upon the minutes of the Court upon several grounds

hereinafter fully set forth. This motion was overruled by Judge Moore in an order, which is hereinafter fully set forth. Thereafter, in due time notice of appeal to this Court was served upon attorneys for the plaintiff."

The first question that will be considered is whether there was error on the part of his Honor, the presiding Judge, in refusing the motion for a continuance.

Such motions pertain to the conduct of the trial, and necessarily must be left in large measure to the discretion of the presiding Judge, which, it has not been made to appear, was erroneously exercised.

The next question that will be considered is presented by the following exceptions: "Because his Honor erred in refusing this defendant's motion for a construction of the verdict against Holler & Hailey before proceeding to trial, and erred in overruling the grounds upon which this defendant requested such construction of said verdict, the error being that the verdict against Holler & Hailey could not be referred to the third cause of action, because no separate verdict could be rendered in a joint action against joint tort-feasors without thereby finding that there was no joint tort established, and further, the said verdict was responsive only to the allegations of the second cause of action, and the legal effect thereof was a verdict in favor of the defendant, Southern Railway Company."

We fully agree with the appellant's attorneys in their proposition:

"That the said verdict, as a matter of law, under the pleadings, could only be referred to the second cause of action, which was a separate cause of action, against the defendants, Holler & Hailey, for the reason that such verdict was responsive only to the allegations of said second cause of action."

But we cannot concur in their conclusion that the only legal effect of such verdict was to acquit the defendant, Southern Railway Company, of any negligence, wilfulness, or wantonness alleged in the first and third causes of action.

Of course, a recovery under the second cause of action against Holler & Hailey bars a recovery under the third cause of action, for the reason that joint tort-feasors cannot be sued both separately and jointly. The two actions are inconsistent; and if the defendant had made a motion to require the plaintiff to elect whether he would rely upon the first and second causes of action (which were against the defendants separately), or upon the third (in which they were sued jointly), the motion would have been granted. *Cartin v. Railway Co.,* 43 S. C. 221, 20 S. E. 979, 49 Am. St. Rep. 829.

While the plaintiff had the right to sue both tort feasors in separate actions, he is only entitled to a single satisfaction, although having two separate judgments.

There is no prejudicial error in the remaining exception, and the Court deems it unnecessary to assign any other reason why they cannot be sustained.

Affirmed.

Messrs. Justices Watts, Fraser and Gage concur.

Mr. Justice Hydrick. I concur in part and dissent as to result. I agree that there was no error in refusing the motion for a continuance, and that the verdict against Holler & Hailey is referable to the second cause of action, and that it did not have the legal effect of acquitting the railroad company of liability under the first cause of action. But I think the Court erred in ruling that plaintiff could proceed against the railroad company on both the first and third causes of action, and in submitting the case to the jury on both of said causes of action. Such is the logical result of the conclusion that "a recovery under the second cause of action against Holler & Hailey bars a recovery under the third cause of action." If that is so, how can we say there was no error in allowing plaintiff to proceed against the railway company under the third cause of action? The decision is inconsistent with itself. The error pointed out was prejudicial and calls for reversal.