17009

FANNIE HUTCHERSON, Respondent, v. PILGRIM HEALTH & LIFE INSURANCE COMPANY, Appellant

(87 S. E. (2d) 685)

*Messrs. Harris & Harris,* of Anderson, *for Appellant,*

*W. Harper Welborn, Esq.,* of Anderson, *for Respondent,*

June 1, 1955.

J. WOODROW LEWIS, Acting Associate Justice.

This action was instituted by the plaintiff-respondent for damages for the alleged fraudulent cancellation by the defendant-appellant of an insurance contract issued by it to the respondent. Upon the trial of the case a verdict was rendered for the respondent for $52.00 actual damages and $950.00 punitive damages. Timely motions were made by the appellant during the trial for a nonsuit and directed verdict; and, after the verdict, for judgment *non obstante veredicto* and, in the alternative, for a new trial. The exceptions on appeal to this Court, as did the motions before the Circuit Court, challenge the sufficiency of the testimony to sustain the respondent's alleged cause of action for either actual or punitive damages.

The substance of the respondent's complaint is that the appellant issued to her a policy of insurance on May 9, 1932; thereafter established a custom of collecting the premiums at her home on Spencer Street, in the City of Anderson, South Carolina; and after October, 1952, when she had asked for the necessary blanks with which to file for sick benefits under the policy, stopped coming to her home to collect the premiums and wilfully and fraudulently lapsed her said policy to her damage both actual and punitive in the sum of $2,000.00.

The appellant by its answer, after interposing a general denial, admitted the issuance of the policy in question and that it was lapsed for nonpayment of the premiums, but alleged that the lapse of the policy was occasioned by the fact that the respondent during the time in question left her home and the agents of the appellant were unable to locate her.

The answer further alleges that the appellant has at all times stood ready and willing to renew the said policy and makes the "offer to waive and remit any premiums now due or in arrears on said policy and to accept future payments or premiums on said policy and to keep it open and in full force and effect."

The policy provides for a sick benefit of $2.00 per week and a death benefit of $20.00, for which a weekly premium of $.10 was required. The following provision is also contained in the policy: "All payments of premiums must be made weekly and any policy holder becoming four weeks in arrears shall thereby forfeit all that he may have paid to the company, and his policy shall thereupon lapse, or cease to be in force. If agents fail to call for dues the members are required to remit their dues to the home or local office. as such failure upon the part of the agents to call shall not be deemed an excuse for default in payment."

There is no dispute in the testimony as to the issuance of the policy, its terms and conditions, or that the appellant had established the custom of collecting the premiums on said policy at the home of the respondent on Spencer Street, in the City of Anderson. Neither is there any dispute that the respondent paid the premiums regularly each month until October, 1952, paying all premiums to October 27, 1952, nor that the policy was lapsed for nonpayment of premiums. The appellant's testimony is that the policy was actually not lapsed for nonpayment of premiums until April 13, 1953, due to the fact that the agent carried the policy longer than four weeks without collecting a premium and under

the rules of the company the agent was required in such cases to pay the premiums from his reserve carried with the company.

The factual issues arise under the conflicting testimony relative to the circumstances surrounding the failure of the respondent to pay premiums on the policy after October 27, 1952. Since the premiums were paid monthly in advance, the last premium payment was actually made by the respondent on or about October 1, 1952, and this action instituted on July 13, 1953. The respondent is of limited education and testified that when she made the last premium payment she asked for and received from the agent a claim blank upon which to apply for sick benefits; that the claim was never filed with the appellant due to the fact that the agents after that time ceased to call at her home for further premium payments and she did not know the location of appellant's office. She further testified that she was at home at all times during the period in dispute and that she never refused to pay premiums under the policy. The agents of the appellant denied that they stopped calling for premiums and testified that the respondent refused to pay the premiums on two subsequent visits to her home because the sick benefits had not been paid and after that she left her home and could not be located on further trips. The testimony concerning these material issues is in direct conflict.

A further review of the testimony is unnecessary. There was ample testimony requiring this case to be submitted to the jury on the question of waiver on the part of the appellant of the quoted provision as to the payment of premiums. The facts bring the case within the principles and facts of the cases of; *Riley v. Life & Casualty Ins. Co. of Tennessee,* 184 S. C. 383, 192 S. E. 394 and *Simmons v. Service Life & Health Ins. Co.,* 223 S. C. 407, 76 S. E. (2d) 288. These cases answer every issue raised by the appellant adversely to its contentions with the exception of the question raised concerning the alleged failure of proof as to damages. In the cited cases, there was evi-

dence of an established custom of collecting premiums at the home of the insured, as here. It was held that a deliberate departure by the company from such established custom was an act of fraud in the breach of the insurance contract by the company and sufficient to sustain an award of punitive damages. The evidence in this case is reasonably susceptible of such an inference and presented a jury issue.

The appellant also contends that there was no proof of damage by the respondent and therefore the verdict cannot stand. The Trial Judge in charging the jury as to the measure of actual damages followed the rule laid down in the case of *Park v. Metropolitan Life Insurance Co.,* 178 S. C. 272, 182 S. E. 747, and the verdict of the jury is within the rule given to them by the trial court, from which charge there is no exception taken.

It is argued, however, that the offer of the appellant in its answer to remit any premiums now due or in arrears and to reinstate the said policy eliminated any damage that respondent might have suffered by reason of the cancellation of the same. This position cannot be sustained. The trial court in effect held that the offer to reinstate the policy and remit the premiums due and in arrears presented a jury issue, and this issue was submitted to the jury along with the other issues in the case. A similar situation was presented in the case of *West v. Service Life '& Health Insurance Co.,* 220 S. C. 198, 66 S. E. (2d) 816, 818. The following from that case disposes of the question here: "Upon trial of the cause, appellant offered in open court to reinstate the policy as evidence of its good faith and contends that by reason thereof punitive damages should be disallowed. We are of the opinion, however, that the Trial Judge committed no error in submitting this question to the jury for its consideration and that the judgment of the trial court should be affirmed." In the case of *Barnes v. Industrial Life & Health Insurance Co. of Atlanta,* 201 S. C. 188, 22 S. E. (2d) 1, relied upon by the appellant in this connection, the question concerned the propriety of a

nonsuit granted by the lower court. An examination of that decision will reveal a different factual situation from the present and that nowhere did the Court hold that the mere offer to reinstate the policy in question and remit the premiums due would constitute complete reparation as a matter of law for any damages that might have been sustained by the insured by reason of the wrongful cancellation thereof.

We have carefully considered all questions raised by the exceptions and conclude that the judgment herein should be affirmed; and it is so ordered.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.