17711

Mattie KINARD, Respondent, v. UNITED INSURANCE COMPANY OF AMERICA, Appellant

(116 S. E. (2d) 906)

*Messrs. Watkins, Vandiver, Freeman & Kirven,* of Anderson, *for Appellant.*

268

*Messrs. Justin A. Bridges* and *Eston W. Page,* of Lau-
rens, *for Respondent,*

November 9, 1960.

STUKES, Chief Justice.

This is an appeal from a judgment on an insurance policy. It was tried as an action for fraudulent breach of contract accompanied by a fraudulent act, and resulted in verdict for plaintiff for $200.00 actual damages and $1,300.00 punitive damages.

The complaint alleged the issuance to plaintiff's husband on October 13, 1947 of the policy which provided life insurance of $200.00, with plaintiff as beneficiary, and a weekly sick or accident benefit of $10.00, with further provision for waiver of premiums, on certain conditions, for permanent and total disability. In 1953 the plaintiff became so disabled and gave repeated notices thereof to defendant which nevertheless continued to demand payment of premiums until September 1957 when, without warning or notice, it violated its established custom of calling at the home of the insured to collect the premiums; the insured died on January 11, 1958; plaintiff as beneficiary filed proof thereof but defendant refused payment of the death benefit and informed plaintiff that the policy had been cancelled in September 1957; the cancellation was fraudulent and with knowledge of the physical condition of the insured which entitled him to waiver of the premiums; defendant's agent acted fraudulently and with intent to cheat by (1) continuing to demand and collect premiums for four years with the foregoing knowledge, (2) willfully refusing to waive the premiums as provided by the policy, (3) in following for eleven years the custom of collecting the premiums at the home of the insured, who was a completely illiterate person, and then breaking the custom without notice or warning and thereafter cancelling the policy in order to defraud the plaintiff, who was the death beneficiary, and (4) collecting the premiums until it became apparent from the claims filed and from the agent's observation that the insured was near death, then breaking the custom of collecting in order to cancel the policy and avoid payment of

the death claim. The concluding paragraph of the complaint is that by reason of the wrongful and fraudulent breach of the contract and deliberate acts of fraud, cheating and wrongdoing, the plaintiff has been damaged, etc.

The defendant answered by way of general denial, admitted that it had paid claims for disability under the policy but alleged that it was cancelled in 1957 upon the insured's failure and refusal to continue to pay the premiums.

The transcript of record was settled by the trial judge, from which there was no appeal. In the statement it is recited that upon motion of defendant to require the plaintiff to elect between inconsistent causes of action, plaintiff stated her position to be that the complaint stated only one cause of action, to wit, wrongful and fraudulent cancellation of the policy, constituting a breach of contract, accompanied by a fraudulent act. Defendant then moved to strike from the complaint allegations pertaining to fraud and deceit and allegations pertaining to benefits under the contract. Plaintiff's counsel stated that it was not his contention that the policy was in force at the time of the death of the insured but that it was in force at the time of the cancellation in 1957. Whereupon the court denied defendant's motion and the case proceeded to trial.

Contrary to the foregoing statement, defendant's first point on appeal is that plaintiff was allowed to proceed on two or more inconsistent theories of law. This is negated by the above statement and needs little or no discussion. The case was tried upon the theory of fraudulent breach of contract, accompanied by fraudulent act or acts, and the evidence, of which a minimal amount will be stated, because of the necessity for new trial, tended to establish the cause of action. It may be added that the medical and other testimony supported the conclusion that the insured was totally and permanently disabled when defendant cancelled the policy; but that was, and will be on new trial, a question for the jury. The latter observation is also appli-

cable to plaintiff's claim of willful and fraudulent breach of the long established custom of calling at the home of the insured for collection of the premiums. *Simmons v. Service Life & Health Ins. Co.,* 223 S. C. 407, 76 S. E. (2d) 288; *Hutcherson v. Pilgrim Health & Life Ins. Co.,* 227 S. C. 239, 87 S. E. (2d) 685. The plaintiff is illiterate, as was the insured.

Under this first point appellant also argues error on the part of the court in denying motion to strike allegations of the complaint which it is contended were pertinent only to an action for fraud and deceit, for which there are cited *Mikell v. McCreery-Pressley Co.,* 105 S. C. 25, 89 S. E. 467; *Lawson v. Metropolitan Life Ins. Co.,* 169 S. C. 540, 169 S. E. 430; *Collopy v. Citizens Bank of Darlington,* 223 S. C. 493, 77 S. E. (2d) 215; and *Blackman v. Independent L. & A. Ins. Co.,* 229 S. C. 54, 91 S. E. (2d) 709. However, we find none of them applicable to the case and complaint at hand. Rather, the complaint is within *Green v. Industrial Life & H. Ins. Co.,* 199 S. C. 262, 18 S. E. (2d) 873, 876, where the motives and acts were described as "wicked," "unlawful," "cheating," "fraudulent," etc., and we said and held: "These allegations may be regarded as bearing on the issue as to whether such breach was accompanied by fraudulent acts." And so here, they are taken to be descriptive of the alleged fraudulent acts which accompanied the alleged breach of contract.

The motion did not specify the portions of the complaint which appellant would strike, which was hardly a proper way to present it. In the brief on appeal they are specified. Upon consideration of them in their context we think, as above indicated, that they are relevant to the fraudulent acts alleged to have accompanied the breach of the policy contract in 1957 by the cancellation of it.

Appellant also moved to strike, quoting, "all allegations pertaining to the benefit under the contract." But the permanent and total disability benefit was

relevant to appellant's claim of lapse for nonpayment of premiums; and the death benefit was pertinent on the measure of damages to respondent. Incidentally, the jury followed it exactly in their verdict for actual damages.

There was no error in the refusal of the motions to strike.

The second point of the defendant, now appellant, is that the plaintiff, now respondent, is estopped from claiming that the insured was entitled in his lifetime to benefits based upon permanent and total disability during the period when he filed claims, and accepted payment, for temporary disability benefits.

The policy provides: "Weekly sick benefit * * * $10.00 * * * benefits will be paid for sickness * * * from any cause * * *." And under "Free Insurance" in red capital letters, appears the following provision:

"Paragraph 15. If the insured, while this Policy is in full force and effect, and after attaining fifteen (15) years of age, according to our records, shall furnish proof satisfactory to the Company that he or she has become wholly and permanently disabled by either sickness or accident from causes originating and beginning after this Policy has been in force two (2) full years, and will be permanently, continuously and wholly prevented thereby for life from performing any kind of work for compensation or profit, and that such disability has then existed for a period of not less than ninety (90) days, then the Company will, by endorsement hereon, waive payment of premiums during such disability and the benefits under this Policy shall be the same as though premiums had been paid in cash. The Company reserves the right of having the Insured examined and re-examined at any time by a physician of its own selection to determine the existence or continuance of such disability."

In evidence as exhibits were several claims upon which the insured had been paid benefits for disability. The printed form was that of the insurer. The insured's physician or his secretary, he said, filled them. The

diagnosis given was "hypertension, vascular disease", and disability was stated to be total. There was a printed question, "If so (confined to bed) how long from this date will patient be so confined?" It was answered, "seven days". It is contended by appellant that this indicated temporary rather than permanent disability. In his testimony the physician explained that it was his understanding that each claim was for a specific weekly period and that it should cover that period of time. It is common knowledge that hypertension, vascular disease, is rarely, if ever, a temporary condition. The physician testified, in effect, that in his opinion the insured was, during all of the period of treatment by him, permanently and totally disabled.

Upon this second point of the appeal there is cited only *Baker v. Metropolitan Ins. Co.*, 184 S. C. 341, 192 S. E. 571, 134 A. L. R. 205. We do not think that authority requires, under the facts of this case, the conclusion that an estoppel arose, as a matter of law, by reason of the contents of the physician's certificates on the insured's claims for disability. The point is overruled.

Appellant's third point challenges the sufficiency of the evidence to establish a case of fraudulent breach of contract *as to the respondent*. This contention is concluded against appellant by *Babb v. Paul Revere Life Ins. Co.*, 224 S. C. 1, 77 S. E. (2d) 267 (both opinions), and the authorities there cited. The insured being dead, it is unnecessary to determine whether respondent's interest in the policy as beneficiary was, during the lifetime of the insured, vested or contingent. See *Shuler v. Equitable Life Assurance Society*, 184 S. C. 485, 193 S. E. 46. However, it is noted that although on the back of the policy is a blank printed form for change of beneficiary, the policy does not contain reservation to the insured of the right to change the beneficiary.

Finally, the appellant imputes error in the instructions to the jury. This ground of appeal will have to be sustained and the case reversed for new trial.

After the charge and after the jury had retired, the defendant excepted to the charge in accord with section 10-1210 of the Supplement to the Code of 1952. The exceptions are without merit in view of what has been said concerning appellant's other points, except that relating to the request that the court instruct the jury with respect to the burden of proof and the form of verdict if they should find for the defendant, both of which the court had overlooked in its charge. It appears from the record that appellant's timely request for these further instructions was ignored by the court. That appellant was entitled to them is too elementary to need discussion or citation of authority.

There were other exceptions to the charge but no prejudice appears and it may not be repeated upon re-trial in the particulars now complained of. Therefore, they will not be considered.

The foregoing opinion has followed appellant's brief in its presentation of the points on appeal. Implicit in the discussion is the conclusion that the trial court did not err in overruling appellant's motions for nonsuit and for directed verdict, although imputations of error in such are not expressly included in the points presented.

Reversed and remanded for new trial.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.